UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
_____
                               )
ALIFAX HOLDING SPA; and SIRE   )
ANALYTICAL SYSTEMS SRL,        )
                               )
            Plaintiffs,        )
                               )
      v.                       )   C.A. No. 14-440 S
                               )
ALCOR SCIENTIFIC INC.; and     )
FRANCESCO A. FRAPPA,           )
                               )
            Defendants.        )
_____)
```

**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, Chief Judge.

I. Background

Plaintiff Alifax Holding SpA ("Alifax") initiated this patent infringement case against a former employee, Defendant Francesco Frappa, and the former employee's new employer, Defendant Alcor Scientific Inc. ("Alcor"), in October 2014. (Compl. ¶ 1, ECF No. 1.) Alifax alleges that Defendant Alcor developed a diagnostic erythrocyte sedimentation rate ("ESR") analyzer using patented intellectual property to which Defendant Frappa had access while working for Alifax and then shared with Alcor. (Id. ¶ 5.)

Alifax filed an Amended Complaint in March 2015 with assent from Defendants, adding Alifax's subsidiary, Sire Analytical

Systems Srl ("Sire"), as a Plaintiff. (Mem. in Supp. of Pl.'s Assented to Mot. to Am. Compl., ECF No. 19; 3/17/15 Text Order.) The Amended Complaint lists three counts: patent infringement against Alcor, misappropriation of trade secrets against Alcor and Frappa, and breach of a confidential relationship against Alcor and Frappa. The Court denied Defendants' Motion to Dismiss two counts of the Amended Complaint in September 2015. Defendants then answered the Amended Complaint and asserted two counterclaims, alleging that both patents at issue are invalid. (Defs.' Answer and Countercl. 13, ECF No. 28.) Thereafter, the parties engaged in fact discovery and claim construction briefing.

In October 2016, Alifax filed a motion to amend and supplement the Amended Complaint. (ECF No. 55.) On February 22, 2017, the Court held a claim construction hearing and also heard oral argument regarding Alifax's request to file a Second Amended and Supplemental Complaint. This Memorandum and Order will address Alifax's motion to amend its pleading; a separate Memorandum and Order regarding the parties' request for the Court to construe seven claim terms in the patents at issue is forthcoming.

II. Discussion

Plaintiffs' proposed Second Amended and Supplemental Complaint reflects four main changes to the Amended Complaint:

2

it (1) removes Sire as a named plaintiff because Sire has completely merged into Alifax and no longer exists as a discrete business entity; (2) adds detail to the patent infringement claim against Alcor regarding its alleged infringement and introduces allegations about induced infringement; (3) adds a supplemental claim for copyright infringement; and (4) amends some of the factual allegations pertinent to the misappropriation of trade secrets claim to clarify that this claim is not based on ultrasound technology but is based instead in part on computer source code. (Pls.' Mem. in Supp. 3, ECF No. 55; Ex. 2, ECF No. 55-2.)

Alifax asserts that the proposed changes to the Amended Complaint are intended to clarify facts learned during discovery and to reflect an evolution of its theories of Defendants' liabilities for their alleged misconduct. (Pls.' Mem. in Supp. 4.) Alifax argues that Defendants will not suffer any unfair prejudice from these changes because discovery is in the early stages; depositions have not been either scheduled or taken, the parties have not finished exchanging documents, and the scope of discovery will not be materially affected by the changes. (Id. at 5, 6; Pls.' Reply Mem. 7, ECF No. 60.) Alifax also argues that it could not have brought this claim as part of its initial or amended pleading because the factual basis for the copyright infringement claim was not discovered until it reviewed Alcor's

source code as part of the discovery process during Spring 2016. (Pls.' Reply Mem. 9.)

Alcor vigorously opposes Alifax's motion to amend and supplement on the basis that the addition of the copyright infringement claim reflects an abuse of the protective order in place governing confidential material and is futile because it will not survive a motion to dismiss. (Defs.' Mem. in Supp. of Obj. 1-2, 12-13, ECF No. 56.) Defendants also argue that they will be unfairly prejudiced by the new claim because it has already translated many of the documents that Alifax produced from Italian to English, but would need to re-review all of the documents produced by Alifax thus far to determine whether any are relevant to the new claim. (Id. at 10.)

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that the court should "freely give leave [to amend] when justice so requires." A motion for leave to amend may be denied "[i]n appropriate circumstances — undue delay, bad faith, futility, and the absence of due diligence on the movant's part . . . ." Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). "[A] request to amend . . . requires the court to examine the totality of the circumstances and to exercise its informed discretion in constructing a balance of pertinent

considerations." Id. at 30-31 (citing Quaker State Oil Ref. Corp. v. Garrity Oil Co., 884 F.2d 1510, 1517 (1st Cir. 1989)).

Defendants do not oppose removing Sire as a named plaintiff. (Defs.' Mem. in Supp. of Obj. 9 n.3.) Other than questioning Alifax's purpose for adding factual allegations and clarifying the basis for the misappropriation of trade secrets claim, Defendants have not provided a compelling argument that these proposed changes to the Amended Complaint are either unduly delayed, made in bad faith, futile, or a reflection of the absence of due diligence on Alifax's part. See Palmer, 465 F.3d at 30. Instead, Defendants focus their objections to the proposed amendments primarily on the addition of the new claim for copyright infringement. Therefore, to the extent that Alifax seeks to amend its pleading, its proposed amendments will be allowed because this litigation is still in a relatively early stage. The fact discovery period has not been closed and neither party has yet scheduled depositions. In fact, the parties have filed a joint motion to extend the discovery schedule to allow fact discovery to continue until four months from the date of this Order. (ECF No. 63.) Allowing Alifax to amend its pleading at this stage will not result in unfair prejudice to Defendants.

Turning to Alifax's proposed supplemental claim for copyright infringement, Rule 15(d) provides that "the court may,

on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." According to Alifax, it reviewed Alcor's source code in compliance with the terms of the protective order, secured copyright protection for its own source code, and now seeks to supplement its pleading in this litigation with a copyright infringement claim. (Pls.' Reply Mem. 9.) According to Defendants, the request to add this claim is futile because it will not survive a motion to dismiss.[1] (Defs.' Mem. in Supp. of Obj. 2.)

This Court has previously considered whether a proposed supplement to a pleading pursuant to Rule 15(d) is futile by using the same standard as that applied when it considers whether a proposed amendment to a pleading pursuant to Rule 15(a) is futile. Pelletier v. Rhode Island, CA No. 07-186S, 2008 WL 4900951, at *1 (D.R.I. Nov. 14, 2008). While futility can be a reason to deny a motion to amend or supplement a pleading, "[i]f leave to amend is sought before discovery is complete and

---

[1] Defendants also assert that Alifax violated the terms of the protective order when it filed for copyright protection of its source code after reviewing Alcor's source code. (Defs.' Mem. in Supp. of Obj. 11.) During oral argument it became clear that Defendants considered the timeline of Alifax's copyright infringement claim development to be suspicious, but were not asserting any nefarious conduct on the part of Alifax's attorneys of record.

6

neither party has moved for summary judgment, the accuracy of the 'futility' label is gauged by reference to the liberal criteria" of Rule 12(b)(6) of the Federal Rules of Civil Procedure. Hatch v. Dep't for Children, Youth & Their Families, 274 F.3d 12, 19 (1st Cir. 2001) (citing Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996)). "In this situation, amendment is not deemed futile as long as the proposed amended complaint sets forth a general scenario which, if proven, would entitle the plaintiff to relief against the defendant on some cognizable theory." Id.

A claim for copyright infringement requires a plaintiff to demonstrate that it has registered its copyright, that it owns a valid copyright, and that a defendant has copied original elements of the copyrighted work. Airframe Sys., Inc. v. L-3 Commc'ns Corp., 658 F.3d 100, 105 (1st Cir. 2011). A review of the proposed Second Amended and Supplemental Complaint reveals that Alifax has sufficiently pleaded to each of these elements. (Second Am. and Suppl. Compl. ¶¶ 78-82, ECF No. 55-2.) For this reason, and the reasons articulated above regarding Alifax's request to amend its Amended Complaint, Alifax may add the copyright infringement claim and file its proposed Second Amended and Supplemental Complaint.

III. Conclusion

    Alifax's Motion to File Amended Pleading (ECF No. 55) is GRANTED.

IT IS SO ORDERED.

/s/ William E. Smith
_____
William E. Smith
Chief Judge
Date: March 20, 2017