## UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ALIFAX HOLDING SPA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | C.A. No. 14-440-S |
| v. | : | |
| | : | |
| ALCOR SCIENTIFIC INC. and | : | |
| FRANCESCO A. FRAPPA, | : | |
| | : | |
| Defendants. | : | |

## <u>DECLARATION OF CHRISTOPHER H. LITTLE</u>

I, Christopher H. Little, hereby declare under penalty of perjury, as follows:

1.      I am a partner in the law firm Pierce Atwood LLP and co-counsel for plaintiff Alifax Holding SpA.  I respectfully submit this declaration in support of Plaintiff's Motion to Compel Deposition Testimony and Production of Documents by Non-Party Advanced Instruments, LLC.

2.      Attached hereto as **Exhibit A** is the Expert Report of Ronan Arad, dated October 30, 2017 (and filed under seal pursuant to the operative protective order).

3.      Attached hereto as **Exhibit B** is the Subpoena Duces Tecum and attachments served on Advanced Instruments, LLC ("AI") on November 8, 2017.

4.      Attached hereto as **Exhibit C** is the Subpoena to Testify at a Deposition in a Civil Action and attachments served on Byron Selman of Advanced Instruments, LLC on November 8, 2017.

5.      Attached hereto as **Exhibit D** are the written objections of Advanced Instruments, LLC to the Subpoena Duces Tecum referenced as Exhibit B above.

6.      Attached hereto as **Exhibit E** is an email chain ending Nov. 20, 2017 between counsel for AI, Alcor, and Alifax regarding AI's compliance with the document and deposition subpoenas.

7.      Attached hereto as **Exhibit F** is an email chain ending December 11, 2017 between counsel for AI, Alcor, and Alifax regarding AI's compliance with the document and deposition subpoenas.

8.      Attached hereto as **Exhibit G** is an email chain ending December 26, 2017 between counsel for AI, Alcor, and Alifax regarding AI's compliance with the document and deposition subpoenas.

9.      Attached hereto as **Exhibit H** is an amended notice of deposition served on Byron Selman / AI on December 22, 2017.

10.     On November 20, counsel for AI, Alcor, and Alifax had a brief telephonic conference during which Alcor agreed, on behalf of AI, to produce non-privileged documents exchanged between Alcor and AI responsive to the subpoena.  On behalf of Alifax, I agreed (while reserving all of Alifax's rights) to review the production and to consider withdrawing the deposition subpoena if the documents proved sufficient.

11.     I have personally reviewed the document production made by Alcor on behalf of AI on November 24, 2017.  The production includes significant gaps, including:  ████████

████████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information and belief.


*/s/ Christopher H. Little*
Christopher H. Little

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon counsel for defendants electronically via the CM/ECF system on December 29, 2017.

*/s/ Christopher H. Little*
Christopher H. Little

Case 1:14-cv-00440-WES-LDA Document 114-18 Filed 12/29/17 Page 1 of 6 PageID #: 3312

# EXHIBIT B

AO 88B (Rev 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Rhode Island

| | |
|---|---|
| ALIFAX HOLDING SPA | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  14-440-S |
| ALCOR SCIENTIFIC INC.; and FRANCESCO A. FRAPPA | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Keeper of Records, Advanced Instruments, LLC, Two Technology Way, Norwood, Massachusetts 02062

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| | |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: Pierce Atwood, LLP<br>One Financial Center, 26th Floor<br>Providence, RI 02903 | Date and Time:<br>11/21/2017 11:00 am |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  11/08/2017

CLERK OF COURT

OR

_____          /s/ Christopher H. Little
  *Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
ALIFAX HOLDING SPA_____, who issues or requests this subpoena, are:

Christopher H. Little, Pierce Atwood, 72 Pine Street, Providence, RI 02903, (401) 588-5113, clittle@pierceatwood.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

SSB (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. **14-440-S**

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*   Keeper of Records, Advanced Instruments, LLC

was received by me on *(date)*   11/09/2017   .

☑ I served the subpoena by delivering a copy to the named person as follows:   By serving said subpoena

in hand upon Byron Selman as person authorized to accept service on behalf of Advanced Instruments, LLC at

Two Technology Way, Norwood, MA 02062                   on *(date)*   11/09/2017   ; or

❏ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$                    .

My fees are $                  for travel and $                  for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date:    12/28/2017

_____
*Server's signature*

James J. Murray   Process Server
*Printed name and title*

25 Walnut Street, Suite 205
Wellesley Hills, MA 02481

_____
*Server's address*

Additional information regarding attempted service, etc:

# UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

ALIFAX HOLDING SPA,

     Plaintiff,

v.

ALCOR SCIENTIFIC INC.; and
FRANCESCO A. FRAPPA,

     Defendants.

C.A. No. 14-440-S

## NOTICE OF SUBPOENA DUCES TECUM

**PLEASE TAKE NOTICE** that the undersigned counsel for Plaintiff Alifax Holding

SPA has issued a subpoena to pursuant to Rule 45 of the Rules of Civil Procedure to: Keeper of

Records, Advanced Instruments, LLC, Two Technology Way, Norwood, Massachusetts 02062

for the production of documents on Tuesday, November 21, 2017 at 11:00 a.m. at the offices of

Pierce Atwood, LLP, One Financial Center, 26th Floor, Providence, RI 02903.  A copy of the

subpoena to be served is attached hereto as **Exhibit A**.  The witness shall produce and permit

inspection and copying of documents as set forth on the Schedule A attached to the subpoena.

Date: November 8, 2017

Respectfully submitted,

/s/ Christopher H. Little
Christopher H. Little, Esq. (#1789)
clittle@pierceatwood.com
Michael J. Daly, Esq. (#6729)
mdaly@pierceatwood.com
Pierce Atwood LLP
72 Pine Street
Providence, RI 02903
Tel: (401) 588-5113
Fax: (401) 588-5166

Robert H. Stier, Jr. (*pro hac vice*)

rstier@pierceatwood.com
Kyle M. Noonan (*pro hac vice*)
knoonan@pierceatwood.com
254 Commercial Street
Portland, ME  04101
Tel: (207) 791-1100
Fax: (207) 791-1350

*Attorneys for Plaintiff ALIFAX HOLDING SPA*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 8th day of November 2017, I caused a true and accurate copy of foregoing to be served by email upon the following counsel of record as agreed by the parties:

Craig M. Scott, Esq.
Christine K. Bush, Esq.
Adi K. Goldstein, Esq.
HINCKLEY, ALLEN & SNYDER LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
cscott@hinckleyallen.com
cbush@hinckleyallen.com
agoldstein@hinckleyallen.com

/s/ Christopher H. Little

**Schedule A**

1.      From November 1, 2011, to the present: documents concerning any and all communications between representatives or employees of Advanced Instruments, LLC ("AI") and representatives or employees of Alcor Scientific Inc. ("Alcor").



4.      From November 1, 2011, to the present: all emails, correspondence, documents, reports, evaluations, business plans, financial records or projections, or other documents or electronically stored information of any kind relating ████████████████████████████████ ████████████████████████████

5.      From November 1, 2011, to the present: ████████████████████ ████████████████████████████████████

6.      From November 1, 2011, to the present: all documents or electronically stored information of any kind ████████████████████████████████ ████

7.      From October 7, 2014 to the present: all documents concerning the litigation between Alifax Holding SpA and Alcor.

EXHIBIT C

Case 1:14-cv-00440-WES-LDA  Document 128  Filed 01/03/18  Page 2 of 5 PageID #: 3226
Case 1:14-cv-00440-WES-LDA  Document 118-2  Filed 12/29/17  Page 11 of 36 PageID #: 3319
EXHIBIT 3

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Rhode Island

| | | |
|---|---|---|
| ALIFAX HOLDING SPA | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No.  14-440-S |
| ALCOR SCIENTIFIC INC.; and FRANCESCO A. FRAPPA | ) | |
| _Defendant_ | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Byron Selman, Advanced Instruments, LLC, Two Technology Way, Norwood, Massachusetts 02062

_(Name of person to whom this subpoena is directed)_

☑ _Testimony:_ **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: | Pierce Atwood LLP<br>One Financial Center, 26th Floor<br>Providence, RI 02903 | Date and Time:<br>11/21/2017 1:00 pm |
|---|---|---|

The deposition will be recorded by this method:  Sound-and-visual and/or stenographic means

☐ _Production:_ You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  11/08/2017

|  _CLERK OF COURT_ | |
|---|---|
| | OR |
| | /s/ Christopher H. Little |
| _Signature of Clerk or Deputy Clerk_ | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_
ALIFAX HOLDING SPA
, who issues or requests this subpoena, are:

Christopher H. Little, Pierce Atwood, 72 Pine Street, Providence, RI 02903, (401) 588-5113, clittle@pierceatwood.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. **14-440-S**

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*   Byron Selman

on *(date)*   11/08/2017   .

☑ I served the subpoena by delivering a copy to the named individual as follows: By serving said subpoena in

hand upon Byron Selman at Advanced Instruments, LLC, Two Technology Way, Norwood, MA 02062

         on *(date)*   11/09/2017   ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$   65.00   .

My fees are $      for travel and $      for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date:   11/13/2017

*Server's signature*

James J. Murray   Process Server
*Printed name and title*
25 Walnut Street, Suite 205
Wellesley Hills, MA 02481

*Server's address*

Additional information regarding attempted service, etc.:

## UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| ALIFAX HOLDING SPA, |  |
|      Plaintiff, |  |
|  | C.A. No. 14-440-S |
| v. |  |
| ALCOR SCIENTIFIC INC.; and<br>FRANCESCO A. FRAPPA, |  |
|      Defendants. |  |

## <u>NOTICE OF DEPOSITION</u>

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 30, counsel for Plaintiff will take the oral deposition of **Byron Selman**, a witness in this matter.  The deposition shall take place before a person authorized to administer oaths at the place, date and time indicated below:

|  |  |
|---|---|
| <u>Deponent</u>: | Byron Selman<br>President & CEO<br>Advanced Instruments, LLC<br>Two Technology Way<br>Norwood, Massachusetts 02062 |
| <u>Place</u>: | Pierce Atwood LLP<br>One Financial Center, 26th Floor<br>Providence, RI 02903 |
| <u>Date</u>: | Tuesday, November 21, 2017 |
| <u>Time</u>: | 1:00 p.m. |

The deposition will be administered by a person authorized to administer oaths, and will be recorded by sound-and-visual and/or stenographic means.  It will continue from day to day until completed.

You are invited to attend and cross-examine.  A subpoena will be issued.

Date: November 8, 2017

Respectfully submitted,

/s/ Christopher H. Little
Christopher H. Little, Esq. (#1789)
clittle@pierceatwood.com
Michael J. Daly, Esq. (#6729)
mdaly@pierceatwood.com
Pierce Atwood LLP
72 Pine Street
Providence, RI 02903
Tel: (401) 588-5113
Fax: (401) 588-5166

Robert H. Stier, Jr. (*pro hac vice*)
rstier@pierceatwood.com
Kyle M. Noonan (*pro hac vice*)
knoonan@pierceatwood.com
254 Commercial Street
Portland, ME  04101
Tel: (207) 791-1100
Fax: (207) 791-1350

*Attorneys for Plaintiff ALIFAX HOLDING SPA*

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of November, 2017, I caused a true and accurate copy of foregoing to be served by email upon the following counsel of record as agreed by the parties:

Craig M. Scott, Esq.
Christine K. Bush, Esq.
Adi K. Goldstein, Esq.
HINCKLEY, ALLEN & SNYDER LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
cscott@hinckleyallen.com
cbush@hinckleyallen.com
agoldstein@hinckleyallen.com

/s/ Christopher H. Little

# EXHIBIT D

# C H O A T E

CHOATE HALL & STEWART LLP

Michael H. Bunis
t 617-248-4030
f 617-502-4030
mbunis@choate.com

November 17, 2017

**VIA EMAIL**

Christopher H. Little
clittle@pierceatwood.com
Pierce Atwood LLP
72 Pine Street
Providence, RI 02903

Re:  Subpoena Duces Tecum directed to Non-Party Advanced Instruments, LLC in *Alifax Holdings SpA v. Alcor Scientific Inc. and Francesco A. Frappa*, C.A. No. 14-440-S

Dear Mr. Little:

I write on behalf of my client Advanced Instruments, LLC ("AI").  AI has received the third-party Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (the "Subpoena") served by Alifax Holdings SpA ("Alifax") on November 9, 2017 in connection with the above-referenced litigation.  Pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, AI hereby responds and objects to the Subpoena.  By making this response, AI does not represent that it is in possession, custody or control of documents responsive to the Subpoena.

General Objections

The following general objections apply to each of the requests for production ("Requests") included the Subpoena, regardless of whether they are repeated in the Objections To Specific Requests set out below.

1.  AI objects to the extent that the Subpoena purports to impose on AI obligations beyond those established by the Federal Rules of Civil Procedure, the Local Rules of the District of Rhode Island, or any other applicable law or court order, including without limitation rules pertaining to nonparty discovery and/or responses to subpoenas.

2.  AI objects on the ground that the time to comply to the Subpoena (by 11:00 a.m. on November 21, 2017), is presumptively unreasonable.

3.  AI objects on the ground that the Subpoena seeks documents that Alifax had ample opportunity to obtain from the parties in the underlying litigation.

Christopher H. Little
November 17, 2017
Page 2

> 4.    AI objects on the ground that the Subpoena seeks documents that are obtainable from other sources that are more convenient, less burdensome, and less expensive, including, without limitation, the parties in the underlying litigation.

> 5.    AI objects to the extent that the Subpoena seeks documents which are protected from discovery by the attorney-client privilege, the work-product doctrine or another privilege or immunity.

> 6.    AI objects to the extent that the Subpoena seeks documents containing confidential information proprietary to AI.

> 7.    AI objects on the ground that the Requests in the Subpoena are vague, ambiguous, overly broad, oppressive, and unduly burdensome, and fail to identify those materials being sought with sufficient specificity to enable AI to ascertain which materials are responsive.

> 8.    AI objects on the ground that the Subpoena seeks documents that are neither relevant to the subject matter of the litigation nor reasonably calculated to lead to the discovery of admissible evidence.

> 9.    AI objects to producing information in response to the Subpoena absent an agreement from you that your firm or your client will reimburse AI for its reasonable costs and expenses incurred in responding to the Subpoena, including vendor costs relating to the processing and/or production of electronic materials, photocopying or other production charges and reasonable compensation for professional and administrative time spent gathering, reviewing and/or producing information in response to the Subpoena.

<u>Objections To Specific Requests</u>

AI further objects to each of the individual Requests included in the Subpoena, as follows:

1.    AI objects to Request No. 1 as being unduly burdensome for requiring AI, a non-party to the underlying litigation, to incur significant and unreasonable expense to produce documents that Alifax had ample opportunity to obtain from the parties in the underlying litigation. AI further objects to this Request as being overly broad and unduly burdensome for requiring AI to search all documents in its possession since November 1, 2011, a period of over six years. AI further objects to this Request to the extent that it seeks information that is neither relevant to the claims, counterclaims or defenses of the parties in the underlying litigation, nor reasonably calculated to lead to the discovery to admissible evidence. AI further objects to this Request to the extent that it seeks confidential information of AI and Alcor Scientific Inc. ("Alcor"). AI further objects to this Request to the extent that it encompasses information protected from discovery by the attorney-client privilege, the attorney work-product doctrine, and/or any other privilege or protection. AI further objects to the phrase "any and all communications" as overly broad, unduly burdensome, not proportional to the needs of the case, and vague.

Christopher H. Little
November 17, 2017
Page 3

2.  AI objects to Request No. 2 as being unduly burdensome for requiring AI, a non-party to
the underlying litigation, to incur significant and unreasonable expense to produce
documents that Alifax had ample opportunity to obtain from the parties in the underlying
litigation. AI further objects to this Request as being overly broad and unduly
burdensome for requiring AI to search all documents in its possession since November 1,
2011, a period of over six years. AI further objects to this Request to the extent that it
seeks information that is neither relevant to the claims, counterclaims or defenses of the
parties in the underlying litigation, nor reasonably calculated to lead to the discovery to
admissible evidence. AI further objects to this Request to the extent that it seeks
confidential information of AI and Alcor. AI further objects to this Request to the extent
that it encompasses information protected from discovery by the attorney-client privilege,
the attorney work-product doctrine, and/or any other privilege or protection.

3.  AI objects to Request No. 3 as being unduly burdensome for requiring AI, a non-party to
the underlying litigation, to incur significant and unreasonable expense to produce
documents that Alifax had ample opportunity to obtain from the parties in the underlying
litigation. AI further objects to this Request as being overly broad and unduly
burdensome for requiring AI to search all documents in its possession since November 1,
2011, a period of over six years. AI further objects to this Request to the extent that it
seeks information that is neither relevant to the claims, counterclaims or defenses of the
parties in the underlying litigation, nor reasonably calculated to lead to the discovery to
admissible evidence. AI further objects to this Request to the extent that it seeks
confidential information of AI and Alcor. AI further objects to this Request to the extent
that it encompasses information protected from discovery by the attorney-client privilege,
the attorney work-product doctrine, and/or any other privilege or protection. AI further
objects to the phrase "all notes, minutes, or other records of any meetings" as overly
broad, unduly burdensome, not proportional to the needs of the case, and vague.

4.  AI objects to Request No. 4 as being unduly burdensome for requiring AI, a non-party to
the underlying litigation, to incur significant and unreasonable expense to produce
documents that Alifax had ample opportunity to obtain from the parties in the underlying
litigation. AI further objects to this Request as being overly broad and unduly
burdensome for requiring AI to search all documents in its possession since November 1,
2011, a period of over six years. AI further objects to this Request to the extent that it
seeks information that is neither relevant to the claims, counterclaims or defenses of the
parties in the underlying litigation, nor reasonably calculated to lead to the discovery to
admissible evidence. AI further objects to this Request to the extent that it seeks
confidential information of AI and Alcor. AI further objects to this Request to the extent
that it encompasses information protected from discovery by the attorney-client privilege,
the attorney work-product doctrine, and/or any other privilege or protection. AI further
objects to the phrase "all emails, correspondence, documents, reports, evaluations,
business plans, financial records or projections, or other documents or electronically
stored information of any kind" as overly broad, unduly burdensome, not proportional to
the needs of the case, and vague.

Christopher H. Little
November 17, 2017
Page 4

5. AI objects to Request No. 5 as being unduly burdensome for requiring AI, a non-party to the underlying litigation, to incur significant and unreasonable expense to produce documents that Alifax had ample opportunity to obtain from the parties in the underlying litigation. AI further objects to this Request as being overly broad and unduly burdensome for requiring AI to search all documents in its possession since November 1, 2011, a period of over six years. AI further objects to this Request to the extent that it seeks information that is neither relevant to the claims, counterclaims or defenses of the parties in the underlying litigation, nor reasonably calculated to lead to the discovery to admissible evidence. AI further objects to this Request to the extent that it seeks confidential information of AI and Alcor. AI further objects to this Request to the extent that it encompasses information protected from discovery by the attorney-client privilege, the attorney work-product doctrine, and/or any other privilege or protection. AI further objects to the phrase "all emails, correspondence, or other communications of any kind" as overly broad, unduly burdensome, not proportional to the needs of the case, and vague.

6. AI objects to Request No. 6 as being unduly burdensome for requiring AI, a non-party to the underlying litigation, to incur significant and unreasonable expense to produce documents that Alifax had ample opportunity to obtain from the parties in the underlying litigation. AI further objects to this Request as being overly broad and unduly burdensome for requiring AI to search all documents in its possession since November 1, 2011, a period of over six years. AI further objects to this Request to the extent that it seeks information that is neither relevant to the claims, counterclaims or defenses of the parties in the underlying litigation, nor reasonably calculated to lead to the discovery to admissible evidence. AI further objects to this Request to the extent that it seeks confidential information of AI and Alcor. AI further objects to this Request to the extent that it encompasses information protected from discovery by the attorney-client privilege, the attorney work-product doctrine, and/or any other privilege or protection. AI further objects to the phrase "all documents or electronically stored information of any kind" as overly broad, unduly burdensome, not proportional to the needs of the case, and vague.

7. AI objects to Request No. 7 as being unduly burdensome for requiring AI, a non-party to the underlying litigation, to incur significant and unreasonable expense to produce documents that Alifax had ample opportunity to obtain from the parties in the underlying litigation. AI further objects to this Request as being overly broad and unduly burdensome for requiring AI to search all documents in its possession since October 7, 2014, a period of over three years. AI further objects to this Request to the extent that it seeks information that is neither relevant to the claims, counterclaims or defenses of the parties in the underlying litigation, nor reasonably calculated to lead to the discovery to admissible evidence. AI further objects to this Request to the extent that it seeks confidential information of AI and Alcor. AI further objects to this Request to the extent that it encompasses information protected from discovery by the attorney-client privilege, the attorney work-product doctrine, and/or any other privilege or protection. AI further objects to the phrase "all documents concerning the litigation" as overly broad, unduly burdensome, not proportional to the needs of the case, and vague.

Christopher H. Little
November 17, 2017
Page 5

AI reserves the right to amend or modify its objections to the Subpoena. In addition, nothing contained herein shall constitute a waiver of AI's rights to seek to quash or modify the Subpoena or to obtain any other relief to which it is entitled. Please feel free to contact me if you would like to discuss this matter.

Best regards,

Michael H. Burns

cc: Craig Scott, Esq.

8376321v1

Case 1:14-cv-00440-WES-LDA   Document 118   Filed 01/03/18   Page 21 of 36 PageID #: 3329

# EXHIBIT E

# Kyle Noonan

**From:** Christopher H. Little
**Sent:** Wednesday, December 27, 2017 12:37 PM
**To:** Kyle Noonan
**Subject:** FW: Advanced Instruments/Alifax-Alcor

| **Christopher H. Little** | |
| --- | --- |
| PIERCE ATWOOD LLP | **PH** 401.490.3400 |

**From:** Bunis, Michael [mailto:mbunis@choate.com]
**Sent:** Monday, November 20, 2017 3:45 PM
**To:** Christopher H. Little
**Cc:** 'Scott, Craig M.'
**Subject:** RE: Advanced Instruments/Alifax-Alcor

4PM works here – Craig?

**From:** Christopher H. Little [mailto:clittle@PierceAtwood.com]
**Sent:** Monday, November 20, 2017 3:42 PM
**To:** Bunis, Michael
**Cc:** 'Scott, Craig M.'
**Subject:** RE: Advanced Instruments/Alifax-Alcor

I can probably do 4; I cannot be available at 3:30.

| **Christopher H. Little** | |
| --- | --- |
| PIERCE ATWOOD LLP | **PH** 401.490.3400 |

**From:** Bunis, Michael [mailto:mbunis@choate.com]
**Sent:** Monday, November 20, 2017 3:38 PM
**To:** Christopher H. Little
**Cc:** 'Scott, Craig M.'
**Subject:** RE: Advanced Instruments/Alifax-Alcor

Chris,

I have been in touch with Craig (copied here).  Could I suggest a conference call amongst the three of us for tomorrow afternoon.  Say 3:30?

Let me know if that works.

Best,

Michael

Michael H. Bunis

1

CHOATE

Choate Hall & Stewart
Two International Place
Boston, MA  02110
t 617-248-4030
f 617-248-4000
mbunis@choate.com
www.choate.com

**From:** Christopher H. Little [mailto:clittle@PierceAtwood.com]
**Sent:** Monday, November 20, 2017 3:15 PM
**To:** Bunis, Michael
**Subject:** FW: Advanced Instruments/Alifax-Alcor

Michael –

Do you have anything to report from Craig?  Can you be available to talk tomorrow from 11 to 2?

Chris

| **Christopher H. Little** | |
| --- | --- |
| PIERCE ATWOOD LLP | **PH** 401.490.3400 |

Choate Hall & Stewart LLP Confidentiality Notice:
This message is transmitted to you by or on behalf of the law firm of Choate, Hall & Stewart LLP. It is intended exclusively for the individual or entity to which it is addressed. The substance of this message, along with any attachments, may contain information that is proprietary, confidential and/or legally privileged or otherwise legally exempt from disclosure. If you are not the designated recipient of this message, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please destroy and/or delete all copies of it and notify the sender of the error by return e-mail or by calling 1-617-248-5000.
For more information about Choate, Hall & Stewart LLP, please visit us at choate.com

Choate Hall & Stewart LLP Confidentiality Notice:
This message is transmitted to you by or on behalf of the law firm of Choate, Hall & Stewart LLP. It is intended exclusively for the individual or entity to which it is addressed. The substance of this message, along with any attachments, may contain information that is proprietary, confidential and/or legally privileged or otherwise legally exempt from disclosure. If you are not the designated recipient of this message, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please destroy and/or delete all copies of it and notify the sender of the error by return e-mail or by calling 1-617-248-5000.
For more information about Choate, Hall & Stewart LLP, please visit us at choate.com

Case 1:14-cv-00440-WES-LDA   Document 118   Filed 01/03/18   Page 24 of 36 PageID #: 3332

# EXHIBIT F

**Kyle Noonan**

| | |
|---|---|
| **From:** | Christopher H. Little |
| **Sent:** | Wednesday, December 27, 2017 12:39 PM |
| **To:** | Kyle Noonan |
| **Subject:** | FW: Alifax v Alcor Scientific and Frappa |

**Christopher H. Little**

PIERCE ATWOOD LLP     **PH** 401.490.3400

**From:** Bunis, Michael [mailto:mbunis@choate.com]
**Sent:** Monday, December 11, 2017 4:12 PM
**To:** Christopher H. Little
**Subject:** RE: Alifax v Alcor Scientific and Frappa

I will be free at 4:45 if that works.

M


Michael H. Bunis

C H O A T E

Choate Hall & Stewart
Two International Place
Boston, MA  02110
t 617-248-4030
f 617-248-4000
mbunis@choate.com
www.choate.com


**From:** Christopher H. Little [mailto:clittle@PierceAtwood.com]
**Sent:** Monday, December 11, 2017 1:16 PM
**To:** Bunis, Michael
**Subject:** Re: Alifax v Alcor Scientific and Frappa

I am in a deposition; likely until 4

Sent from my iPhone

On Dec 11, 2017, at 9:31 AM, Bunis, Michael <mbunis@choate.com> wrote:

> I am free at 2:30.
>
> M

1

**From:** Christopher H. Little [mailto:clittle@PierceAtwood.com]
**Sent:** Monday, December 11, 2017 8:07 AM
**To:** Bunis, Michael
**Subject:** RE: Alifax v Alcor Scientific and Frappa

Michael –

Would you have some time at the end of the day for a brief discussion?

Chris

---

**Christopher H. Little**

| PIERCE ATWOOD LLP | PH 401.490.3400 |
|---|---|

---

**From:** Bunis, Michael [mailto:mbunis@choate.com]
**Sent:** Friday, December 08, 2017 11:22 AM
**To:** Christopher H. Little
**Cc:** Scott, Craig M.
**Subject:** RE: Alifax v Alcor Scientific and Frappa

Chris,

Advanced does not have any non-privileged documents that would appear responsive to your request.

M

---

**From:** Christopher H. Little [mailto:clittle@PierceAtwood.com]
**Sent:** Friday, December 08, 2017 11:09 AM
**To:** Bunis, Michael
**Cc:** Scott, Craig M.
**Subject:** FW: Alifax v Alcor Scientific and Frappa

Michael –

What is your response/

Chris

---

**Christopher H. Little**

| PIERCE ATWOOD LLP | PH 401.490.3400 |
|---|---|

---

**From:** Scott, Craig M. [mailto:cscott@hinckleyallen.com]
**Sent:** Friday, December 08, 2017 10:49 AM
**To:** Christopher H. Little; Bunis, Michael (mbunis@choate.com)
**Subject:** RE: Alifax v Alcor Scientific and Frappa

Chris,

Alcor has no additional, non-privileged documents to provide.

Thx.

Craig

**Craig M. Scott**
*Partner*

Hinckley Allen
100 Westminster Street, Suite 1500
Providence, RI 02903-2319
p: 401-457-5124 | f: 401-457-5125
cscott@hinckleyallen.com
<image001.png> <image002.png>

**From:** Christopher H. Little [mailto:clittle@PierceAtwood.com]
**Sent:** Friday, December 8, 2017 10:03 AM
**To:** Scott, Craig M. <cscott@hinckleyallen.com>; Bunis, Michael (mbunis@choate.com)
<mbunis@choate.com>
**Subject:** RE: Alifax v Alcor Scientific and Frappa

Craig and Michael –

We need the information by Wednesday at the latest. Will we get it?

Chris

| **Christopher H. Little** | |
|---|---|
| PIERCE ATWOOD LLP | **PH** 401.490.3400 |

**From:** Scott, Craig M. [mailto:cscott@hinckleyallen.com]
**Sent:** Wednesday, December 06, 2017 12:56 PM
**To:** Christopher H. Little; Bunis, Michael (mbunis@choate.com)
**Subject:** RE: Alifax v Alcor Scientific and Frappa

Chris,

I'm in court this afternoon in MA. I'll reach out to Michael Bunis tomorrow and one of us will be in touch.

Craig

**Craig M. Scott**
*Partner*

Hinckley Allen
100 Westminster Street, Suite 1500
Providence, RI 02903-2319
p: 401-457-5124 | f: 401-457-5125
cscott@hinckleyallen.com
<image001.png> <image002.png>

**From:** Christopher H. Little [mailto:clittle@PierceAtwood.com]
**Sent:** Wednesday, December 6, 2017 12:12 PM
**To:** Bunis, Michael (mbunis@choate.com) <mbunis@choate.com>; Scott, Craig M. <cscott@hinckleyallen.com>
**Subject:** FW: Alifax v Alcor Scientific and Frappa

Could one of you get back to me?

Chris

| **Christopher H. Little** | |
|---|---|
| PIERCE ATWOOD LLP | **PH** 401.490.3400 |

**From:** Christopher H. Little
**Sent:** Friday, December 01, 2017 4:18 PM
**To:** Bunis, Michael (mbunis@choate.com); 'Scott, Craig M.'
**Cc:** Robert Stier Jr.
**Subject:** Alifax v Alcor Scientific and Frappa

Mike and Craig;

The production seems to be lacking any information provided by Alcor pertaining to the litigation and it also does not include and notes of conversations involving ██████████████████ ████████████████████ Are there any such documents in the possession or control of AI or of Alcor?

Please let me know.

Chris

| **Christopher H. Little** | One Financial Plaza | **PH** 401.490.3400 |
|---|---|---|
| PIERCE ATWOOD LLP | 26th Floor | **FAX** 401.588.5166 |
| | Providence, RI 02903 | |
| clittle@PierceAtwood.com | BIO ▶ ‖ admitted in RI, MA, DC | |

This e-mail was sent from Pierce Atwood. It may contain information that is privileged and confidential. If you suspect that you were not intended to receive it please delete it and notify us as soon as possible.

---

Choate Hall & Stewart LLP Confidentiality Notice:
This message is transmitted to you by or on behalf of the law firm of Choate, Hall & Stewart LLP. It is intended exclusively for the individual or entity to which it is addressed. The substance of this message, along with any attachments, may contain information that is proprietary, confidential and/or legally privileged or otherwise legally exempt from disclosure. If you are not the designated recipient of this message, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please destroy and/or delete all copies of it and notify the sender of the error by return e-mail or by calling 1-617-248-5000.
For more information about Choate, Hall & Stewart LLP, please visit us at choate.com

---

Choate Hall & Stewart LLP Confidentiality Notice:
This message is transmitted to you by or on behalf of the law firm of Choate, Hall & Stewart LLP. It is intended exclusively for the individual or entity to which it is addressed. The substance of this message,

along with any attachments, may contain information that is proprietary, confidential and/or legally privileged or otherwise legally exempt from disclosure. If you are not the designated recipient of this message, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please destroy and/or delete all copies of it and notify the sender of the error by return e-mail or by calling 1-617-248-5000.

For more information about Choate, Hall & Stewart LLP, please visit us at choate.com

Choate Hall & Stewart LLP Confidentiality Notice:

This message is transmitted to you by or on behalf of the law firm of Choate, Hall & Stewart LLP. It is intended exclusively for the individual or entity to which it is addressed. The substance of this message, along with any attachments, may contain information that is proprietary, confidential and/or legally privileged or otherwise legally exempt from disclosure. If you are not the designated recipient of this message, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please destroy and/or delete all copies of it and notify the sender of the error by return e-mail or by calling 1-617-248-5000.

For more information about Choate, Hall & Stewart LLP, please visit us at choate.com

Case 1:14-cv-00440-MSM-LDA  Document 118  Filed 04/03/18  Page 30 of 36 PageID #: 3338

EXHIBIT G

## Kyle Noonan

| | |
|---|---|
| **From:** | Christopher H. Little |
| **Sent:** | Wednesday, December 27, 2017 12:41 PM |
| **To:** | Kyle Noonan |
| **Subject:** | FW: Deposition of Advanced Instruments |

---

**Christopher H. Little**

| PIERCE ATWOOD LLP | **PH** 401.490.3400 |
|---|---|

**From:** Bunis, Michael [mailto:mbunis@choate.com]
**Sent:** Tuesday, December 26, 2017 11:19 AM
**To:** Christopher H. Little
**Cc:** Robert Stier Jr.; Michael J. Daly; Kyle Noonan; Scott, Craig M.; Williams, Jason C.; Bush, Christine K. (cbush@hinckleyallen.com)
**Subject:** RE: Deposition of Advanced Instruments

Chris,

Mr. Selman is simply not available in January due to travel and other previously scheduled work commitments.

M

**From:** Christopher H. Little [mailto:clittle@PierceAtwood.com]
**Sent:** Tuesday, December 26, 2017 11:09 AM
**To:** Bunis, Michael
**Cc:** Robert Stier Jr.; Michael J. Daly; Kyle Noonan; Scott, Craig M.; Williams, Jason C.; Bush, Christine K. (cbush@hinckleyallen.com)
**Subject:** RE: Deposition of Advanced Instruments

Michael;

The scheduling order requires that dispositive motions be filed not later than January 26.  In that light we cannot agree to your proposed date. I am willing to move off of January 4 and have previously advised Craig to that effect.   I suggest that you give me alternative dates during the week of the 11th.  That is as late as we can go.

I am still ok with taking the deposition at Choate. We will need to discuss any other ground rules.

Please get back to me today.

Chris

---

**Christopher H. Little**

| PIERCE ATWOOD LLP | **PH** 401.490.3400 |
|---|---|

**From:** Bunis, Michael [mailto:mbunis@choate.com]
**Sent:** Tuesday, December 26, 2017 10:49 AM

1

**To:** Christopher H. Little
**Subject:** RE: Deposition of Advanced Instruments

Chris,

Byron Selman is available to sit for a deposition (consistent with the agreement below – 1.5-2 hours at Choate's offices in Boston) on the morning of February 8th.

Please let me know if this date works for you.

Michael

---

**From:** Christopher H. Little [mailto:clittle@PierceAtwood.com]
**Sent:** Thursday, December 14, 2017 3:36 PM
**To:** Bunis, Michael
**Subject:** RE: Deposition of Advanced Instruments

Michael-

Where do we stand?

Chris

| **Christopher H. Little** | |
|---|---|
| PIERCE ATWOOD LLP | **PH** 401.490.3400 |

**From:** Bunis, Michael [mailto:mbunis@choate.com]
**Sent:** Monday, December 11, 2017 4:58 PM
**To:** Christopher H. Little
**Cc:** Scott, Craig M.
**Subject:** Deposition of Advanced Instruments

Chris,

To memorialize our discussion just now:  You proposed to take a third party deposition of Advanced Instruments (either 30(b)(6) or Byron Selman individually) at our offices in Boston.  You indicated that you expected the deposition to last between 1.5 and 2 hours (not accounting for questioning by Alcor's counsel).  Finally, the deposition would take place sometime in early January (subject to mutual availability).

Please let me know if this is inaccurate and I will reach out to the client to discuss and get back to you.

Regards,

Michael

Michael H. Bunis



Choate Hall & Stewart
Two International Place
Boston, MA  02110

t 617-248-4030
f 617-248-4000
mbunis@choate.com
www.choate.com

---

Choate Hall & Stewart LLP Confidentiality Notice:

This message is transmitted to you by or on behalf of the law firm of Choate, Hall & Stewart LLP. It is intended exclusively for the individual or entity to which it is addressed. The substance of this message, along with any attachments, may contain information that is proprietary, confidential and/or legally privileged or otherwise legally exempt from disclosure. If you are not the designated recipient of this message, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please destroy and/or delete all copies of it and notify the sender of the error by return e-mail or by calling 1-617-248-5000.

For more information about Choate, Hall & Stewart LLP, please visit us at choate.com

---

Choate Hall & Stewart LLP Confidentiality Notice:

This message is transmitted to you by or on behalf of the law firm of Choate, Hall & Stewart LLP. It is intended exclusively for the individual or entity to which it is addressed. The substance of this message, along with any attachments, may contain information that is proprietary, confidential and/or legally privileged or otherwise legally exempt from disclosure. If you are not the designated recipient of this message, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please destroy and/or delete all copies of it and notify the sender of the error by return e-mail or by calling 1-617-248-5000.

For more information about Choate, Hall & Stewart LLP, please visit us at choate.com

---

Choate Hall & Stewart LLP Confidentiality Notice:

This message is transmitted to you by or on behalf of the law firm of Choate, Hall & Stewart LLP. It is intended exclusively for the individual or entity to which it is addressed. The substance of this message, along with any attachments, may contain information that is proprietary, confidential and/or legally privileged or otherwise legally exempt from disclosure. If you are not the designated recipient of this message, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please destroy and/or delete all copies of it and notify the sender of the error by return e-mail or by calling 1-617-248-5000.

For more information about Choate, Hall & Stewart LLP, please visit us at choate.com

---

Case 1:14-cv-00440-WES-LDA   Document 118   Filed 04/03/18   Page 34 of 36 PageID #: 3249

# EXHIBIT H

# UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

ALIFAX HOLDING SPA,

     Plaintiff,

v.

                              C.A. No. 14-440-S

ALCOR SCIENTIFIC INC.; and
FRANCESCO A. FRAPPA,

     Defendants.

## NOTICE OF DEPOSITION

     **PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 30, counsel for

Plaintiff will take the oral deposition of **Byron Selman**, a witness in this matter.  The deposition

shall take place before a person authorized to administer oaths at the place, date and time indicated

below:

|  |  |
|---|---|
| Deponent: | Byron Selman<br>President & CEO<br>Advanced Instruments, LLC<br>Two Technology Way<br>Norwood, Massachusetts 02062 |
| Place: | Pierce Atwood LLP<br>One Financial Center, 26th Floor<br>Providence, RI 02903 |
| Date: | Thursday, January 4, 2017 |
| Time: | 2:00 p.m. |

The deposition will be administered by a person authorized to administer oaths, and will be recorded

by sound-and-visual and/or stenographic means.  It will continue from day to day until completed.

You are invited to attend and cross-examine.

Date: December 22, 2017

Respectfully submitted,

/s/ Christopher H. Little
Christopher H. Little, Esq. (#1789)
clittle@pierceatwood.com
Michael J. Daly, Esq. (#6729)
mdaly@pierceatwood.com
Pierce Atwood LLP
72 Pine Street
Providence, RI 02903
Tel: (401) 588-5113
Fax: (401) 588-5166

Robert H. Stier, Jr. (*pro hac vice*)
rstier@pierceatwood.com
Kyle M. Noonan (*pro hac vice*)
knoonan@pierceatwood.com
254 Commercial Street
Portland, ME  04101
Tel: (207) 791-1100
Fax: (207) 791-1350

*Attorneys for Plaintiff ALIFAX HOLDING SPA*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document was electronically served and emailed to all counsel of record on December 22, 2017, and that it is available for viewing and downloading from the Rhode Island Judiciary's Electronic Filing System.

Craig M. Scott, Esq.
Christine K. Bush, Esq.
Jason Williams, Esq.
HINCKLEY, ALLEN & SNYDER LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
cscott@hinckleyallen.com
cbush@hinckleyallen.com
jwilliams@hinckleyallen.com

Michael H. Bunis, Esq.
CHOATE HALL & STEWART
Two International Place
Boston, MA 02110
mbunis@choate.com

David E. Maglio, Esq.
David E. Maglio & Associates, P.C.
101 Dyer Street, Second Floor
Providence, RI 02903
dmaglio@magliolaw.com

/s/ Christopher H. Little