UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
_____
                                )
ALIFAX HOLDING SPA,             )
                                )
          Plaintiff,            )
                                )
     v.                         )        C.A. No. 14-440 WES
                                )
ALCOR SCIENTIFIC INC.; and      )
FRANCESCO A. FRAPPA,            )
                                )
          Defendants.           )
_____)
```

**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, Chief Judge.

Before the Court is Defendants' Motion to Exclude the Opinions of Expert Witness Christopher J. Bokhart (ECF No. 230). Defendants have asked the Court to exclude Mr. Bokhart's damages opinions in their entirety. The Court heard extensive argument on this motion over two days. The motion was denied as to Bokhart's testimony regarding patent infringement damages and the Court reserved ruling with respect to trade secret misappropriation and copyright infringement damages. This order resolves the motion as to to Mr. Bokhart's opinion on copyright infringement damages.

Pursuant to Rule 702 of the Federal Rules of Evidence, the Court is obliged to serve as a gatekeeper regarding the admission of expert testimony. See United States v. Diaz, 300 F.3d 66, 73 (1st Cir. 2002); see also Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993). "A trial court has broad discretion to admit or

exclude expert testimony based on its determination as to the reliability and relevance of the proffered expert testimony." Morris v. Rhode Island Hosp., C.A. No. 13-304-ML, 2014 WL 3107296, *5 (Jul. 7, 2014) (citing Gen. Elec. Co. v. Joiner, 522 U.S. 136, 143 (1997)).

If Alifax were to prove copyright infringement, the Copyright Act requires the copyright owner "to present proof only of the infringer's gross revenue . . . ." 17 U.S.C. § 504(b). In the context of this statute, the phrase "gross revenue" has been interpreted as "gross revenue reasonably related to the infringement, not unrelated revenues." On Davis v. The Gap, Inc., 246 F.3d 152, 160 (2d Cir. 2001), as amended May 15, 2001 (emphasis added); see also MGE UPS Sys., Inc. v. GE Consumer & Indus., Inc., 622 F.3d 361, 367 (5th Cir. 2010) ("'[G]ross revenue' refers only to revenue reasonably related to the infringement."); William A. Graham Co. v. Haughey, 568 F.3d 425, 443 (3d Cir. 2009) ("[T]o satisfy its initial burden of proof, [plaintiff] was required to prove only that the profits it sought to recover were reasonably related to the infringement.") (quotations omitted). Here, Mr. Bokhart opines that Alifax is entitled to the revenues for all iSED analyzers and convoyed sales as damages for copyright infringement. See, e.g., Expert Rpt. of Christopher J. Bokhart ¶ 199, ECF No. 237; Suppl. Expert Rpt. of Christopher J. Bokhart ¶ 11, ECF No. 237-1.

The Court finds that Mr. Bokhart's opinion is not reasonably related to the alleged infringement and is therefore speculative and not admissible.  See Joiner, 522 U.S. at 146 ("[N]othing in either Daubert or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the ipse dixit of the expert.").  The infringement-related conclusions of Plaintiff's technical expert, Dr. Bryan Bergeron, are the exclusive link between Mr. Bokhart's opinion and the scope of the alleged harm.  See Bokhart Rpt. ¶ 44 nn. 97 & 98 (citing discussions with Bryan Bergeron).  The Court has carefully reviewed both experts' disclosures.  Dr. Bergeron initially opined that eleven iSED units may have infringed on Alifax's copyright.  See Decl. of Bryan Bergeron, M.D. ¶ 2, ECF No. 163-18.  In his March 8, 2019 supplemental report, Dr. Bergeron reduced that number to "at least four iSED instruments."  Suppl. Expert Rpt. of Bryan Bergeron, M.D. ¶ 9, ECF No. 231-1.  Dr. Bergeron has never opined that all iSED units and related materials infringe on Alifax's copyrights.  And Mr. Bokhart has never narrowed his damages opinion to reflect gross revenues from only four iSED instruments.

Gross revenues from the sale of all iSED units and related materials (the basis of Mr. Bokhart's damages calculation) are not reasonably related to the alleged harm caused by four infringing units.  The "analytical gap" between Mr. Bokhart's proffered opinion and the facts of this case is simply too great to permit.  See

3

Joiner, 522 U.S. at 146.  Mr. Bokhart already issued a supplemental report in this action, and while Plaintiff's counsel at oral argument on this motion – just days before trial – offered to provide another one, the Court declines to permit this fundamental shortcoming to be remedied on the eve of trial by any eleventh-hour disclosures.  See Fed. R. Civ. P. 26(a)(2)(D)(i)-(ii).

For the foregoing reasons, Defendants' Motion to Exclude the Opinions of Expert Witness Christopher J. Bokhart (ECF No. 230) is GRANTED IN PART.  Mr. Bokhart's copyright damages opinion is hereby EXCLUDED.  Defendants' request to exclude Mr. Bokhart's trade secret damages opinion remains under advisement; the Court may issue a ruling before trial.  Consistent with the Court's bench ruling on April 11, 2019, Mr. Bokhart may opine on patent-related damages should the jury find infringement.

IT IS SO ORDERED.

_William E. Smith_
William E. Smith
Chief Judge
Date: April 12, 2019