UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                   )
ALIFAX HOLDING SPA,                )
                                   )
        Plaintiff,                 )
                                   )
    v.                             )   C.A. No. 14-440 WES
                                   )
ALCOR SCIENTIFIC INC.; and         )
FRANCESCO A. FRAPPA,               )
                                   )
        Defendants.                )
_____)

**MEMORANDUM AND ORDER**

Before the Court is Defendants' Motion for Attorney and Expert Fees and Costs as to the Breach of Confidential Relationship, Copyright Infringement and Trade Secret Causes of Action, ECF No. 307 ("Defs.' Mot."), as well as Defendant Alcor Scientific Inc.'s Renewed Motion for Judgment as a Matter of Law, ECF No. 304 ("Mot. for JMOL"), as it relates to Count III.[1] For the reasons set forth below, the motion for fees and costs as it pertains to Count II is DENIED AS MOOT because of the Court's order granting in part Alcor's Motion for New Trial, or in the Alternative, for Remittitur ("Mot. for New Trial"), ECF No. 303.[2] As to Counts III and IV,

---

[1] Although titled in Alcor's name alone, this motion asks the Court to enter judgement as a matter of law on Count III in favor of Francesco Frappa. See Mot. for JMOL at 2 n.1.

[2] The Court has released an opinion on Alcor's Rule 59 motion contemporaneously with this order. As explained therein, the Court construed Alcor's motion for a new trial as a joint motion.

the Defendants motion for fees and costs is DENIED. Defendant Frappa's renewed motion for judgment as a matter of law on Count III is also DENIED.

I. Discussion

  A. Count II: Trade Secret Misappropriation

Defendants move for fees and costs incurred from defending against Count II's allegations pursuant to the Rhode Island Uniform Trade Secrets Act ("RIUTSA"), R.I. Gen. Laws § 6-41-1 et seq.[3] See Defs.' Mot. 11. The Court has ruled, however, that the Defendants are entitled to a new trial on both liability and damages concerning Alifax's claim that the Defendants misappropriated its secret conversion algorithm. Thus, no party has yet prevailed on Count II and the Defendants' motion is moot. Should the Defendants succeed in a new trial, they may refile their request for fees and costs without prejudice.

  B. Count III: Breach of Confidential Relationship

At the close of the trial's liability phase, the jury returned a verdict for Alifax on Count III, finding that Frappa breached his confidential relationship with Alifax under Italian law. See Jury Verdict Phase I: Liability 7, ECF No. 292. Frappa moved for judgment as a matter of law on Count III at the close of Plaintiff's

---

[3] RIUTSA provides that "the court may award reasonable attorney's fees" if, among other reasons, "a claim of misappropriation is made in bad faith . . . ". R.I. Gen. Laws § 6-41-4(a).

case in chief and renewed his motion at the close of the evidence. See Trial Tr., Vol. 6, 118:19-120:4, Apr. 24, 2019; Trial Tr. Vol. 9, 12:23-13:16, Apr. 29, 2019. The Court reserved ruling on those motions. Regardless, the Court held that Alifax could not argue for an award of money damages concerning Count III because it had failed to make a timely supplemental disclosure of its unjust enrichment theory. See Trial Tr., vol. 11, 28:21-29:11, May 1, 2019. The Court issued this ruling prior to the start of the damages phase. Id.

Frappa now argues that Alifax's failure of proof with respect to money damages means that he has prevailed on Count III as a matter of law and that the Court must vacate the jury's liability verdict. See Mot. for JMOL 2 n.1. Based on the belief that Frappa is entitled to judgment in his favor, Defendants' request an award of fees and costs related to Count III under Italy's "loser pays all" statute. See Defs.' Mot. 8-9.[4]

Before addressing the issue of fees and costs, the Court will use this opportunity to explain its rationale for prohibiting Alifax from making a money damages argument to the jury in phase two of the trial. Under Rule 26(a)(iii) of the Federal Rules of Civil

---

[4] Article 91 of the Code of Italian Civil Procedure states, in relevant part, "With the decision that terminates the proceeding before the Court, the Judge orders the unsuccessful party the reimbursement of costs in favor of the other party and calculates the amount including the legal fees." Article 91 Italian Code of Civil Procedure, ECF No. 307-13.

3

Procedure, a party must disclose a "computation of each category of damages" it claims in the action. Here, Alcor also propounded an interrogatory that asked Alifax to state the amount and basis for damages claimed. See Pl.'s First Am. Answers to Defs.' Interrog.'s 2, ECF No. 284-2 ("Pl.'s Answers"). Neither Alifax's Rule 26(a) disclosures nor its interrogatory responses revealed its theory of unjust enrichment with respect to Frappa and Count III. See id.; see also Pl.'s Initial Disclosures, ECF No. 284-1. Instead, Alifax explained its unjust enrichment theory and the factual bases therefore (Frappa's salary and iSED-related commission payments) for the first time during a mid-trial chambers conference on April 30, 2019. See Trial Tr. vol. 11, at 28:21-29:2.

Rule 26(e) requires a party to supplement its discovery responses if the party learns that its response is materially incomplete or incorrect. Fed. R. Civ. P. 26(e)(1)(A). It is self-evident that Alifax's damages-related disclosures were inadequate with respect to Frappa and Count III. Thus, pursuant to Rule 37(c)'s familiar text and abundant decisional authority, the Court prohibited Alifax from arguing a surprise theory of damages at trial. See Eldredge v. Gordon Bros. Grp., LLC, 863 F.3d 66, 77 (1st Cir. 2017) (affirming exclusion of untimely damages theory); Inteum Co. LLC v. Nat'l Univ. of Sing., C17-1252-JCC, 2019 WL 1282014, at *2 (W.D. Wash. Mar, 20, 2019) (granting motion to

exclude an undisclosed theory of damages); Waymo LLC v. Uber Tech's Inc., No. C. 17-00939 WHA, 2018 WL 466510, at *2 (N.D. Cal. Jan. 18, 2018) (granting motion to exclude undisclosed damages theory in a trade secret misappropriation context).

The absence of money damages does not, however, mandate judgment for Frappa on Count III.[5] Alifax has always requested injunctive relief as a remedy for Frappa's breach of duty. See Second Am. Compl. 16-17, ECF No. 68. The jury's verdict suggests Alifax may have suffered irreparable harm that may eventually warrant such relief.

The District of Maine's ruling in Merrill Lynch, v. Bishop, 839 F. Supp. 68, 72 (D. Me. 1993) provides helpful guidance. In Merrill, the court ruled that a breach of confidentiality automatically warranted injunctive relief and stated:

---

[5] The Court pauses here for a brief interstitial on Alifax's contention that Frappa waived his argument for judgment as a matter of law. Pl. Alifax Holding SpA's Opp'n to Def. Alcor Sci. Inc,'s Mot. for Attorney and Expert Fees and Costs for Breach of Confidential Relationship, Copyright Infringement and Trade Secret Misappropriation 7, ECF No. 323. Although the grounds asserted in a Rule 50(b) motion must parallel grounds asserted in a Rule 50(a) motion, the rule simply requires reasonable notice of the party's position. Lynch v. City of Boston, 180 F.3d 1, 13 n.9 (1st Cir. 1999); Western Union Co. v. MoneyGram Payment Sys., Inc., 626 F.3d 1361, 1367 (Fed. Cir. 2010). Here, there was no formal Rule 50(a) motion because the court excluded Alifax's argument before the damages phase commenced. See Trial Tr., vol. 11, 28:21-29:11. The Court made the basis for its ruling abundantly clear. Id. Although the parties did not separately submit further briefing, Alifax cannot plausibly claim unfair surprise. The Court is unpersuaded that Frappa waived his argument under Rule 50 under these circumstances.

> Once confidentiality is breached, the harm is done and cannot be undone . . . and no award of money damages will change the fact that information which Plaintiff was entitled to have kept from the knowledge of third parties is no longer shielded from their gaze. Confidentiality, like pregnancy, is an all or nothing proposition; either it exists or it does not exist.

Bishop, 839 F. Supp. at 72. Here, Alifax may request permanent injunctive relief tailored to remedy Frappa's breach of duty under Count III. Thus, Frappa is not entitled to judgment as a matter of law or to fees and costs.

    C.    Count IV: Copyright Infringement

Defendants lastly move for fees and costs under the U.S. Copyright Act. The Act states:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505 (2006). Bad faith is not required for an award under this statute. See Garcia-Goyco v. Law Envtl. Consultants, Inc., 428 F. 3d 14, 20 (1st Cir. 2005). A victorious party need only show that the opposing party's claims or defenses were "objectively weak." See id. Such a finding may turn on any number of factors, including a claim's "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal

6

components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 n.19 (1994). Any award of fees or costs is ultimately a discretionary act; no award is required even if the Court decides a particular claim was weak. See Airframe Systems, Inc. v. L-3 Communications Corp., 658 F.3d 100, 109 (1st Cir. 2011).

Here, unlike the other claims, Defendants are the clear prevailing party. The Court excluded the copyright-related opinion of Alifax's damages expert before the start of trial. See Alifax Holding SPA v. Alcor Sci. Inc., C.A. No. 14-440 WES, 2019 WL 1579503, *1 (D.R.I. Apr. 12, 2019). The Court concluded that the expert's theory was "not reasonably related to the alleged infringement and [was] therefore speculative." Id. at 1. This ruling eliminated the copyright claim from the case.

Defendants' request for fees and costs rests on two arguments. See Defs.' Mot. 14-15. First, Defendants argue that Alifax failed to demonstrate "the [entirety of the] contents of its allegedly protected source code." Id. Second, they contend that Alifax failed to provide evidence to prove a theory of damages. Id.

Neither argument persuades the Court that fees or costs are appropriate. Alifax's copyright-protected information was at some point present in Alcor's source code. See Mem. and Order 30, ECF No. 244. The Court denied summary judgment on that basis, which

7

suggests that the claim was not "objectively weak." See id; Airframe Systems, 658 F. 3d at 109-10 (ruling that even a claim that lost at summary judgment was not "objectively weak.") (emphasis added). Alcor's objection based on Alifax's purported failure to produce the "entirety of the copyrighted code subject to each registration" was never decided. See Defs.' Obj. Pursuant to L.R. Cv 44 1, ECF No. 257. This evidentiary issue indicates little, if anything, about the overall strength of the claim. Furthermore, the fact that the claim failed for reasons only indirectly bearing on its merits does not show that the claim was "objectively weak." See Garcia-Goyco, 428 F.3d at 20.

The Court also concludes that the Fogerty factors do not weigh in favor of finding that the claim was frivolous or unreasonable. Fogerty, 510 U.S. at 534 n.19. Alifax's various legal claims all arose out of the same factual circumstances: Alifax alleged that the Defendants unlawfully took its intellectual property (particularly its source code) to develop their own diagnostic instrument. Indeed, the facts supporting Alifax's copyright claim were so similar to its trade secret misappropriation claim that, had both claims proceeded to trial, it would have been anomalous for Alifax to prevail on Count II and lose on Count IV.

There is moreover nothing in the record indicating that Alifax brought this claim with an improper motivation. See Garcia-Goyco, 428 F.3d at 20. Alifax had a legitimate theory of the case; the

8

claim's demise was brought about by its expert's failure to revise his opinion as the factual circumstances became more refined. There is therefore no need to compensate Alcor nor to deter Alifax. See id. Accordingly, the Court declines to award any legal fees or costs concerning Count IV. See id.

Since Alcor is not entitled to fees and costs on any count, the Court need not address whether the amount of fees and costs requested is reasonable.

II. Conclusion

For the reasons set forth above, Defendants' Motion for Attorney and Expert Fees and Costs as to the Breach of Confidential Relationship, Copyright Infringement and Trade Secret Misappropriation Causes of Action, ECF No. 307, is DENIED. As to Count II, the motion is DENIED AS MOOT in light of the Court's decision to grant Defendants' Motion for New Trial, ECF No. 303. As to Counts III and IV, the motion is DENIED WITH PREJUDICE.

IT IS SO ORDERED.

/s/ W.E.Smith
William E. Smith
Chief Judge
Date: September 4, 2019