UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                    )
ALIFAX HOLDING SPA,                 )
                                    )
          Plaintiff,                )
                                    )
     v.                             )    C.A. No. WES 14-440
                                    )
ALCOR SCIENTIFIC INC.; and          )
FRANCESCO A. FRAPPA,                )
                                    )
          Defendants.               )
_____)

## MEMORANDUM AND ORDER

After Defendants filed a Request for Case Management Order, ECF No. 354, the Court ruled, inter alia, that the parties would not be allowed to introduce any new evidence at retrial and that the Court's evidentiary rulings made prior to the first trial would apply to the second. See July 16, 2021 Mem. & Order 5, 8, ECF No. 357.[1]  However, the Court did not reach a decision on Defendants' argument that Alifax should be limited to nominal damages, as Alifax had not substantively responded to that contention. See id. at 8-9.  Having solicited further briefing on the issue, the Court now concludes that Alifax will be precluded from seeking compensatory damages at the second trial.

Alifax's theory of damages is as follows. At some point prior to the June 2012 trade show for the American Association for

_____

[1] This Order assumes familiarity with those that precede it.

Clinical Chemistry, Alcor and Francesco Frappa misappropriated Alifax's conversion algorithm and used it in an iSED prototype. Alifax Holding Spa v. Alcor Sci. Inc., 404 F. Supp. 3d 552, 576-77 (D.R.I. 2019).  Thanks in part to the illicitly borrowed algorithm, Alcor's trade show presentation, which was buoyed by its bullish claims regarding the iSED's capabilities, was a hit. Id. at 572, 576-77.  Without Alifax's algorithm, Alcor would have been forced to spending months developing its own, and it could not have made such a successful showing.  Id. at 576.  Because the June 2012 exposition generated sales of the iSED and related products, Alcor's misdeeds led to its unjust enrichment.  Id.

For this theory to hold up, Alifax needs evidence (1) that the alleged misappropriation gave Alcor a head start and (2) that the head start helped to bring about certain earnings over the following months or years.  While Alifax has (marginal) evidence of a head start, there is no admissible evidence tying that head start to a measure of unjust enrichment.

1.  Evidence of a Head Start

At the first trial, Dr. Bergeron testified that it would have taken Alcor months to produce an original conversion algorithm. Trial Tr. vol. 3, 115:23-116:1, ECF No. 333.  Although this opinion was not contained in his expert report, Defendants did not object. See Alifax Holding Spa, 404 F. Supp. 3d at 576 n.30 (citing Trial Tr. vol. 3, 115:23-116:9, 119:10-120:6); April 30, 2019 Mem. &

2

Order 10 & n.8, 12-13 & n.11, ECF No. 288; Expert Report of Dr. Brian Bergeron ¶¶ 44-46, ECF No. 144-11.  However, on retrial, Defendants presumably would object on the basis that the opinion was not disclosed, and their objection would be sustained.  See Fed. R. Civ. P. 26(a)(2)(D), 37(c)(1).

Dr. Bergeron's surprise statement was not the only evidence to support the head start theory.  According to some evidence, when Alcor ultimately set out to develop its own algorithm, the effort spanned from January to June 2013.  See Alifax Holding Spa, 404 F. Supp. 3d at 570, and documents cited; id. at 576.  For the sake of this Order, the Court will assume that this evidence would be sufficient for a jury to infer that Alcor could not have developed an original algorithm in time for the trade show.

2.  Evidence Linking the Head Start to Unjust Enrichment

To show unjust enrichment, a plaintiff "has the burden of producing evidence permitting at least a reasonable approximation of the amount of the wrongful gain."  Restatement (Third) of Restitution and Unjust Enrichment § 51(5)(d).  And of course, a plaintiff must provide timely disclosures regarding the witnesses and evidence through which the plaintiff will attempt to establish damages.  See Fed. R. Civ. P. 26(a)(2)(D), 26(e), 37(c)(1).

Prior to the first trial, the only damages witness disclosed by Alifax was Christopher Bokhart.  See Alifax Holding Spa, 404 F. Supp. 3d at 580; see also Pls.' Initial Disclosures 5, ECF No.

284-1; Plaintiff's First Am. Answers to Defs.' First Set of Interrogatories 29, ECF No. 284-2. Although the Court ruled that Bokhart's expert opinions regarding damages stemming from conversion algorithm misappropriation were "unreliable and inadmissible[,]" April 30, 2019 Mem. & Order 13, the Court permitted Bokhart to testify as a summary witness pursuant to Rule 1006 of the Federal Rules of Evidence, Alifax Holding Spa, 404 F. Supp. 3d at 580 (citing Trial Tr. vol. 11, at 20:11-22, 33:10-25). As the Court noted in its prior Order granting in part the motions for new trial, that decision was made in error. Id. at 581-82. Nonetheless, Alifax contends that it should once again be permitted to introduce Bokhart's testimony, this time through an "appropriately limited summary examination." Alifax's Mem. Regarding Damages 4, ECF No. 358.

"[T]o prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court[,]" a party may use summary evidence, either documentary or testimonial. Fed. R. Evid. 1006. Bokhart's summary testimony was impermissible, among other reasons,[2] because it was "too closely entwined with his excluded expert opinion to be cleanly dissected

_____

[2] For example, Bokhart did not summarize already admitted evidence. Alifax Holding Spa, 404 F. Supp. 3d at 581 ("[T]he key to admissibility is that the summary witness's testimony does no more than analyze facts already introduced into evidence . . . ." (quoting United States v. Stierhoff, 549 F.3d 19, 28 (1st Cir. 2008))).

and presented under Rule 1006." <u>Alifax Holding Spa</u>, 404 F. Supp. 3d at 581; <u>cf.</u> <u>Colon-Fontanez v. Municipality of San Juan</u>, 660 F.3d 17, 31 (1st Cir. 2011) (affirming admittance of summary testimony, in part because the witness's testimony regarding "her method of preparing and summarizing the exhibits d[id] not an instant expert of her make"); <u>SEC v. Franklin</u>, 265 Fed. Appx. 644, 646 (9th Cir. 2008) (unpublished) ("There was no error in allowing the preparer of the [summary] exhibits to testify because no expert opinions or conclusions were offered."(citation omitted)).

On retrial, this obstacle would prove impassable for Alifax. Any testimony from Bokhart would necessarily be based on his expert knowledge and opinions of the case. Moreover, the materials Bokhart would presumably summarize are not sufficiently voluminous to justify a summary witness, let alone one who has intertwined – and inadmissible – opinions he seeks to share. Therefore, Bokhart will not be permitted to testify in any capacity, on any topic.

Furthermore, as the Court has instructed, "no new evidence or witnesses will be permitted." July 16, 2021 Mem. & Order 5, ECF No. 357. In addition to the reasons already given, <u>id.</u>, the decision to bar new testimony on damages is also supported by the standard considerations pertaining to preclusion under Rule 37(c)(1): "(1) the history of the litigation; (2) the sanctioned party's need for the precluded evidence; (3) the sanctioned party's justification (or lack of one) for its late disclosure; (4) the

opponent-party's ability to overcome the late disclosure's adverse effects — e.g., the surprise and prejudice associated with the late disclosure; and (5) the late disclosure's impact on the district court's docket." Esposito v. Home Depot U.S.A., Inc., 590 F.3d 72, 78 (1st Cir. 2009) (citing Macaulay v. Anas, 321 F.3d 45, 51 (1st Cir. 2003)).[3] Preclusion of new evidence is warranted by the years-long slog of this litigation, the numerous failed theories of liability and damages (concerning patent and copyright claims that were asserted all the way to trial before crashing and burning), the lack of justification for any late-breaking evidence, the obvious prejudice that Defendants would suffer, and the continued, outsized impact of this case on the Court's docket.

Because Alifax did not disclose any damages witnesses besides Bokhart, Alifax will be unable to meet its "burden of producing evidence permitting at least a reasonable approximation of the amount of the wrongful gain." Restatement (Third) of Restitution and Unjust Enrichment § 51(5)(d); see also Adv. Training Group Worldwide, Inc. v. Proactive Techs. Inc., 19-CV-505, 2020 WL 4574493, at *2, 4-9 (E.D. Va. Aug. 7, 2020) (barring the plaintiff from presenting lay testimony on damages where the only properly

---

[3] The Court's discretion to exclude undisclosed witnesses is arguably even greater on retrial than in the original-trial scenario addressed in Esposito. See Fusco v. Gen. Motors Corp., 11 F.3d 259, 267 (1st Cir. 1993); Oriental Fin. Group, Inc. v. Fed. Ins. Co., 483 F. Supp. 2d 161, 167 (D.P.R. 2007).

disclosed damages witness was an expert whose testimony had been excluded).[4]

The history of this case is replete with shifting theories and dubious litigation practices.  These are described in various places throughout the record, in prior written orders, bench rulings during trial, and the like.  These practices led to the error that resulted in the grant of a new trial, wasting the time of the jury and the Court. All of this was preventable.  The rules are not that complicated, and they are designed to avoid situations like this if they are followed.  Alifax did not disclose an admissible damages expert and therefore has no evidence at this late date that could sustain the relief it seeks.

For these reasons, as sought by Defendants' Request for Case Management Order, ECF No. 354, Alifax will be precluded from seeking compensatory damages at the second trial.

IT IS SO ORDERED.

_____
William E. Smith
District Judge
Date:  September 1, 2021

---

[4] Alifax argues that certain fact witnesses could provide additional foundation for damages testimony from Bokhart.  <u>See</u> Alifax's Mem. Regarding Damages 4-5, ECF No. 358.  But the strongest foundation is little use without a structure (Bokhart's testimony) to go on top.