# EXHIBIT D

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| ALIFAX HOLDING SPA, <br><br> Plaintiff, <br><br> v. <br><br> ALCOR SCIENTIFIC INC. and FRANCESCO A. FRAPPA, <br><br> Defendants. | C.A. No. 14-440-MSM |

**PLAINTIFF ALIFAX HOLDING SPA'S PROPOSED CONCLUDING JURY INSTRUCTIONS**

Plaintiff Alifax Holding SpA ("Alifax") provides the following proposed concluding jury instructions, which are primarily derived from the concluding jury instructions (ECF Nos. 291 and 298) given at the 2019 trial in this matter with certain modifications in the content and order of instructions to take into account the current procedural posture.

Alifax reserves the right to amend, supplement, or modify these instructions as the case proceeds and as the parties meet and confer, and further based on the evidence actually presented at trial. Alifax further reserves the right to amend, supplement or modify these instructions based on any Court ruling(s) on any forthcoming motions *in limine* or on any legal/procedural questions briefed by the parties pursuant to the Court's November 7, 2024 Text Order (Dkt 377).

For all issues on which Alifax and defendant Alcor Scientific Inc. ("Alcor") have proposed competing instructions, Alifax objects to Alcor's proposed instruction and reserves all rights to present more detailed factual and legal bases for these objections at a later time.

**DUTY OF THE JURY**

Members of the jury, you have now heard all of the evidence. Now I will instruct you on the law. It is your duty to find the facts from all the evidence in the case. To those facts, you will apply the law as I give it to you.

In applying the law that I am about to explain, you must consider my instructions as a whole. My instructions are equally important; you may not single out some and disregard others. You must accept and apply the law as I give it to you in its entirety.

You must accept and apply the rules of law that I give to you whether you agree with those rules or not. It would be a violation of the oath you took as jurors to base a decision on any version of the law other than that contained in my instructions, just as it would be a violation of that oath to return a decision upon anything but the evidence in this case. It is not up to you to decide what the law is or should be. Your duty is to apply the law as I explain it to you. you must not be influenced by any personal likes, dislikes, opinions, prejudices, or sympathy.

You must decide the case solely on the evidence before you. All parties—and the law— expect that you will carefully and impartially consider all the evidence, follow the law as I explain it to you, and reach a just verdict, regardless of the consequences.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case. Furthermore, you should not interpret anything I have said or done during this trial as expressing an opinion on my part as to what the facts in this case are. I have not intended to express any opinion and you should not be concerned about what my opinions might be. It is not my function to determine the facts; that is a matter entirely up to you.

You should not worry about memorizing or writing down all of the instructions as I state them, because I will send into the jury room a written copy, of my instructions. However, you

must know that the law is as I will give it to you from the bench. The written copy is merely a

guide to assist you.

**EVIDENCE - DEFINITION - UNCONSCIOUS BIAS**

You must find the facts of this case solely based on the evidence properly before you and from all reasonable and legitimate inferences that can be drawn from that evidence.

Evidence that is properly before you consists of:

1.    The testimony of the witnesses; and

2.    The exhibits that I have admitted into evidence.

From that evidence, you may draw whatever conclusions are reasonable under the circumstances.

The evidence that is properly before you does not include:

1.    Comments or statements by the attorneys;

2.    Answers given by witnesses which I ordered stricken and instructed you to disregard;

3.    Documents, photographs, or other items which may have been referred to but have not been admitted into evidence. Since they are not proper evidence, you should not speculate or guess as to what they might say or show and you may not consider them except to the extent that, and for the purpose that, they may have been read or shown to you during the course of the trial; and

4.    Anything you may have heard or seen outside of this courtroom regarding the events in question or the participants in this case.

Our system of justice depends on judges like me and jurors like you being able and willing to make careful and fair decisions. Scientific studies of the way our brains work have shown that, for all of us, our first responses are often like reflexes. Just like our knee reflexes, our mental

responses are quick and automatic. Even though these quick responses may not be what we consciously think, they could influence how we judge people or even how we remember or evaluate the evidence. Studies have also taught us some ways to be more careful in our thinking that I ask you to use as you consider the evidence in this case.

Take the time you need to test what might be reflexive unconscious responses and to reflect carefully and consciously about the evidence.

Focus on individual facts, don't jump to conclusions that may have been influenced by unintended stereotypes or associations.

Try taking another perspective. Ask yourself if your opinion of the parties or witnesses or of the case would be different if the people participating looked different or if they belonged to a different group.

You must each reach your own conclusions about this case individually, but you should do so only after listening to and considering the opinions of the other jurors, who may have different backgrounds and perspectives from yours.

Working together will help achieve a fair result.

**EVIDENCE - DIRECT & CIRCUMSTANTIAL**

As I mentioned in my preliminary instructions, evidence may be direct or may be circumstantial. Direct evidence is direct proof of a fact, such as the testimony of an eyewitness. Circumstantial evidence is proof of one or more facts from which you can infer the existence of another fact. You should consider both kinds of evidence. As a general rule, the law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Direct evidence can prove a material fact by itself. It does not require any other evidence. It does not require you to draw any inferences.

A witness's testimony is direct evidence when the witness testifies concerning what he or she saw, heard, or felt. In other words, when a witness testifies about what is known from his or her own knowledge by virtue of her own senses - what he or she sees, touches, or hears - that is direct evidence. The only question is whether you believe the witness's testimony. A document or a physical object may also be evidence when it can prove a material fact by itself without any other evidence or inference. You may, of course, have to determine the genuineness of the document or the object.

Circumstantial evidence is different from direct evidence. It cannot prove a material fact by itself. Rather, it is evidence that tends to prove a material fact when considered together with other evidence and by drawing inferences.

Inferences from circumstantial evidence may be drawn on the basis of reason, experience, and common sense. Inferences may not, however, be drawn from guesswork, speculation, or conjecture. The strength of the inferences arising from circumstantial evidence is for you to decide,

6

and it is for you to decide how much weight to give to any evidence that has been presented.

The law does not require a party to introduce direct evidence. A party may prove a fact entirely by circumstantial evidence or by a combination of direct and circumstantial evidence. Circumstantial evidence is not less valuable than direct evidence. So, as I have said, you are to consider all of the evidence in the case, both direct and circumstantial, to determine what the facts of the case are and to arrive at your verdict.

## WITNESSES - NUMBER - WEIGHT OF TESTIMONY

In evaluating testimonial evidence, remember that you are <u>not required</u> to believe something to be a fact simply because a witness has stated it to be a fact and no one has contradicted what that witness said. If, in the light of all of the evidence, you believe that the witness is mistaken or has testified falsely or that he or she is proposing something that is inherently impossible or unworthy of belief, you may disregard that witness's testimony even in the absence of any contradictory evidence.

You should also bear in mind that it is not the number of witnesses testifying on either side of an issue that determines where the weight of the evidence lies. Rather, it is the quality of the witnesses' testimony that counts.

**WITNESSES - CREDIBILITY - GENERAL FACTORS**

One of the things jurors must do is assess whether courtroom testimony is credible and this is a difficult task. For one thing, some time has passed between the events at issue and this trial. For another, witnesses' testimony is given in response to lawyers' questions, subject to our evidence rules, which is different from the conversations you might have with others in your daily life. In considering the testimony, there are a number of factors you may consider, including:

- what the witness said and how he or she said it;

- what motives, biases, or interests the witness may have in giving this testimony;

- The opportunity or lack of opportunity the witness had to acquire knowledge of the facts about which the witness testified. In other words, was the witness in a position to have accurately perceived the facts that the witness related to you;

- whether the witness hopes for, expects, or received any benefit for giving this testimony or was under any pressure to give this testimony;

- whether testimony makes sense from the witness's perspective and after looking at all of the evidence in the case; and

- whether the witness's testimony is supported or contradicted by independent evidence

If the witness has made a prior statement about the facts in this case, consider what the witness said and whether the statement was recorded at the time; the circumstances of that statement; what information the witness may have been exposed to before making that statement; and what happened between that statement and the trial testimony.

During the trial, evidence may have been introduced to attempt to show that a witness lied under oath or gave different testimony on a prior occasion. This evidence may be considered, along with all other evidence, in deciding whether to believe the witness and how much weight to give the testimony of the witness. It may not be considered for any other purpose.

Once you have decided whether a witness is accurate and believable, you may give the witness's testimony whatever weight you think appropriate. You may believe everything a witness says, or only part of it, or none of it.

**WITNESSES - FOREIGN LANGUAGE TESTIMONY**

You heard testimony of multiple witnesses who testified in Italian. As I explained in my preliminary instructions, some of you may know or understand the Italian language, but it is important that all jurors consider the same evidence. Therefore, you must accept the interpreter's translation of the witness's testimony. You may not substitute your own understanding of what the witness may have been saying, and you must disregard any different meaning. You are furthermore prohibited from making any assumptions about a witness or a party based solely on the use of an interpreter to assist that witness or party in testifying or presenting evidence.

**WITNESSES – EXPERT WITNESS TESTIMONY**

During this trial, you have heard testimony from a witness who claims to have specialized knowledge in a technical field. Such persons are sometimes referred to as expert witnesses. Because of their specialized knowledge, they are permitted to express opinions which may be helpful to you in determining the facts. You are not required, however, to accept such opinions just because the witness has specialized knowledge.

In determining what weight to give to the testimony of a so-called expert witness, you should apply the same tests of credibility that apply to the testimony of any other witness. That is to say, you should consider factors such as the witness's:

- opportunity to have observed the facts about which he testified; and

- apparent candor or lack of candor.

In addition, you should consider the witness's:

- qualifications;

- the soundness of the reasons given for any opinions;

- the accuracy of the facts upon which the witness's opinions were based; and

- all the other evidence in the case.

In short, you should carefully consider the opinions of expert witnesses, but they are not necessarily conclusive.

**WITNESSES - DEPOSITION TESTIMONY**

This trial included evidence in the form of deposition testimony. You should consider this testimony in just the same way as if the witness had been present to testify. In other words, you should give deposition testimony the credibility or weight, if any, you think it deserves.

**EXHIBITS**

In addition to assessing the credibility of the witnesses and the weight to be given to their testimony, you should also evaluate the exhibits which you will have with you in the jury room. Please examine them and consider them carefully.

However, bear in mind that merely because an exhibit has been admitted into evidence does not mean that you are required to accept it at face value. Like the testimony of a witness, the significance of an exhibit or the weight you attach to it should depend upon your evaluation of that exhibit in light of all the facts and circumstances of the case.

**OBJECTIONS BY COUNSEL**

There were occasions during the presentation of evidence in this case when the attorneys objected to a question that was asked of a witness.   You should not penalize an attorney, or more importantly, his or her client, for objecting. It is the attorney's right, and indeed the attorney's duty, to protect a client's interests by objecting to what the attorney may believe is evidence that does not satisfy the requirements of the rules of evidence.

If I sustained the objection, it is important that you not speculate about what the answer to the objected- to question might have been. By sustaining the objection, the Court has determined that the evidence should not be considered by you.

## CONDUCT OF THE COURT

At times during this trial I chose to ask witnesses questions. You should not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be. As I have said before, it is up to you to determine the facts in this case, and you should not interpret anything I have said or done during this trial as expressing an opinion on my part as to what the facts are.

**SUMMARY OF ISSUE TO BE DECIDED**

Now that you have a framework to guide your decision-making process, I will explain the single issue you must decide. In rendering a verdict, you must decide the amount of damages that Alifax is entitled to as a result of Alcor's misappropriation of Alifax's conversion algorithm trade secret. I will now describe the law that applies to the calculation of damages.

## DAMAGES - GENERAL CONSIDERATIONS

Damages must be proven. Although uncertainty in the exact amount of damages does not bar recovery and - as I will further explain - mathematical precision is not required, you may not base any award of any damages on speculation, conjecture, guess work, or a desire to punish a liable party. Damages must be based on the evidence the parties present and on what you consider to be fair and adequate compensation in accordance with the law as I explain it to you.

**TRADE SECRET MISAPPROPRIATION**

According to a prior verdict by another jury in this Court, Alcor willfully and maliciously misappropriated Alifax's conversion algorithm trade secret, which constitutes " portions of computer program source code concerning the conversion of photometric measurements, including source code containing four specific conversion constants." As I instructed you earlier, you are not to second guess the prior jury's verdict.

Damages for misappropriation of this trade secret are determined under an unjust enrichment theory of recovery. As applied to this case, the Rhode Island Uniform Trade Secrets Act permits you to award damages in the amount of any unjust enrichment gained by Alcor from its misappropriation of the conversion algorithm. I will define the term "unjust enrichment" in greater detail.

**MISAPPROPRIATION DAMAGES - UNJUST ENRICHMENT**

As I just explained, with respect to the conversion algorithm trade secret, you may award damages—if any—in an amount reflecting any unjust enrichment gained by Alcor from its misappropriation of the conversion algorithm trade secret. In this context, the term "unjust enrichment" means any benefit that Alcor obtained from the conversion algorithm trade secret. In other words, if you find that Alifax has proven that Alcor benefitted from using the conversion algorithm trade secret, you may award the monetary value you find has been proven by a preponderance of the evidence to be attributable to that benefit.

**MISAPPROPRIATION DAMAGES — BURDENS OF PROOF**

I have determined that, as a matter of law, a burden-shifting framework applies to Alifax's claim of damages for misappropriation of the conversion algorithm. A "burden shifting framework" means that the burden of proof moves from one party to the other after the first party has satisfied a threshold requirement.

Here, Alifax bears the initial burden of proving the existence and extent of damages caused by Alcor's misappropriation of the conversion algorithm trade secret. To show unjust enrichment, Alifax must prove by a preponderance of the evidence Alcor's gross sales attributable to its misappropriation of the conversion algorithm trade secret.

If you find that Alifax has met its burden of proving gross sales, the burden then shifts to Alcor to prove, by a preponderance of the evidence, (1) that portions of the gross sales are not attributable to the misappropriated-conversion algorithm trade secret; and/or (2) any expenses that should be deducted to determine net profits attributable to the misappropriated conversion algorithm  trade secret.

## PREPONDERANCE OF THE EVIDENCE

A "fair preponderance of the evidence" is another way of saying that a party must prove something by "the greater weight of the evidence." To put it another way, you must be satisfied that the evidence shows that something is "more probably true than not."

Do not confuse the burden of proving something by a fair preponderance of the evidence with the burden of proving something "beyond a reasonable doubt" or by "clear and convincing evidence." As most of you probably know or have heard, in a criminal case the prosecution must prove the Defendant is guilty beyond a reasonable doubt. That is a very stringent standard of proof. However, this is not a criminal case.

**MISAPPROPRIATION DAMAGES - REASONABLE CERTAINTY**

Under Rhode Island law, Alifax is required to prove the amount of any claimed damages with reasonable certainty. Mathematical precision is not required, but an award must reflect a reasonable estimate based upon the evidence.

**SELECTION OF FOREPERSON & DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your foreperson. The foreperson will preside over the deliberations and speak for you here in court. After choosing a foreperson, you will then discuss the case with your fellow jurors to reach agreement if you can do so.

Your verdict must be unanimous. That is, all ten of you must agree as to what the verdict will be. Therefore, there are two things that you should keep in mind:

On the one hand, you should listen carefully as to what your fellow jurors have to say and should be open minded enough to change your opinion if you become convinced that it was incorrect.

On the other hand, you must recognize that each of you has an individual responsibility to vote for the verdict that you believe is the correct one based on the evidence that has been presented and the law as I have explained it. Accordingly, you should have the courage to stick to your opinion even though some or all of the other jurors may disagree as long as you have listened to their views with an open mind.

## COMMUNICATIONS WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by the foreperson. No member of the jury should ever attempt to contact me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.

**JURY RECOLLECTION CONTROLS - REHEARING TESTIMONY**

If any reference by the Court or by counsel to matters of evidence does not coincide with your own recollection, it is your recollection which should control during your deliberations.

Occasionally, juries want to rehear testimony. If you feel that you need to rehear testimony, I will consider your request. However, keep in mind that this is a time-consuming and difficult process, so if you think you need this, consider your request carefully and be as specific as possible.

**RETURN OF VERDICT**

A verdict form has been prepared for you by the Court. This verdict form asks you the amount of damages that Alifax is entitled to as a result of Alcor's misappropriation of the conversion algorithm trade secret. .

After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the Court that you are ready to return to the courtroom.

Date: January 17, 2025

Respectfully submitted,

*/s Joshua A. Friedman*
Michael J. Daly (#6729)
Pierce Atwood LLP
One Financial Plaza, 26th Floor
Providence, RI 02903
Tel: (401) 588-5113
Fax: (401) 588-5166

Todd R. Tucker (*Admitted Pro Hac Vice*)
ttucker@calfee.com
Joshua A. Friedman (*Admitted Pro Hac Vice*)
jfriedman@calfee.com
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, OH 44114-1607
Tel: (216) 622-8200
Fax: (216) 241-0816

*Attorneys for Plaintiff Alifax Holding S.p.A.*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was filed through the ECF system on the 17th day of January 2025 and will be sent electronically to the registered participants identified on the Notice of Electronic Filing.

/s/Joshua A. Friedman
One of the Attorneys for Plaintiff