UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ALIFAX HOLDING SPA, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) <br> )   C.A. No. 1:14-CV-00440-MSM-LDA <br> ) |
| ALCOR SCIENTIFIC INC. and <br> FRANCESCO A. FRAPPA, | ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

## ORDER

Mary S. McElroy, United States District Judge.

Before the Court is the defendant, Alcor Scientific Inc.'s ("Alcor"), Motion to Strike the Plaintiff's Jury Trial Demand (ECF No. 376), in which Alcor posits that all that is left for trial after the Federal Circuit's remand is a question of damages that is entirely equitable in nature.

The Supreme Court has long held that the Seventh Amendment to the U.S. Constitution guarantees only the right to a civil jury trial on legal claims and not to equitable claims. *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41 (1989) (citing *Curtis v. Loether*, 415 U.S. 189, 193 (1974)). Alcor contends that the plaintiff, Alifax Holding S.p.A'.s ("Alifax"), remaining claim—disgorgement of profits for the misappropriation of Alifax's conversion algorithm trade secret—is purely equitable. Indeed, typically such a claim is equitable in nature. *See Tamko Roofing Prod., Inc. v. Ideal Roofing Co.*, 282 F.3d 23, 35 (1st Cir. 2002).

1

But Alifax argues that, as applied here, its disgorgement claim is really a proxy for actual damages at law and therefore trying the case to a jury is proper. The First Circuit has identified three justifications for awarding disgorgement: "(1) as a rough measure of the harm to plaintiff; (2) to avoid unjust enrichment of the defendant; or (3) if necessary to protect the plaintiff by deterring a willful infringer from further infringement." *FabriClear, LLC v. Harvest Direct, LLC*, No. CV 20-10580-TSH, 2023 WL 11826606, at *1 (D. Mass. Oct. 31, 2023) (citing *Tamko Roofing Prod., Inc. v. Ideal Roofing Co.*, 282 F.3d 23, 35 (1st Cir. 2002)). Thus, the three justifications are compensation, unjust enrichment, and deterrence. Because of the compensation factor, some circuits have accepted that profit disgorgement may function as a proxy for damages. *See, e.g., BASF Corp. v. Old World Trading Co.*, 41 F.3d 1081, 1096 (7th Cir. 1994). The First Circuit has not yet ruled on whether a claim for profits as a proxy for legal damages creates a right to a jury trial, but it has observed that the "proxy rationale may well present the strongest argument under the Seventh Amendment" for such a right. *Visible Sys. Corp. v. Unisys Corp.*, 551 F.3d 65, 80 n.11 (2008). Other courts have expressly determined that the proxy rationale creates a right to a jury trial. *See, e.g., Black & Decker Corp. v. Positec USA Inc.*, 118 F. Supp. 3d 1056 (N.D. Ill. 2015) (collecting cases).

Simply labelling a claim a proxy for damages, however, does not alone cause it to fall under the Seventh Amendment. *See Visible Sys.*, 551 F.3d at 80 n.11. The District of Massachusetts several times has held that there is a right to a jury trial applying the proxy rationale if (1) the case involves similar products, (2) there is no

2

adequate remedy at law, and (3) the products compete directly. *FabriClear, LLC v. Harvest Direct, LLC*, No. CV 20-10580-TSH, 2023 WL 11826606, at *1 (D. Mass. Oct. 31, 2023); *Ferring Pharms., Inc. v. Braintree Lab'ys, Inc.*, 220 F. Supp. 3d 149, 151 (D. Mass. 2016); *SharkNinja Operating LLC v. Dyson Inc.,* No. 14-CV-13720-ADB, 2016 WL 6134101, at *2 (D. Mass. Oct. 19, 2016).

The second factor is in question here. Alifax argues that because it is seeking disgorgement as a proxy for damages, a jury would be tasked with fact-finding on the amount of benefit gained by Alcor because of its head-start on development due to misappropriation. It points to specific evidence that it presented in the first trial and proposed evidence for the second trial. (ECF No. 378 at 6-7 (citing ECF No. 358.))

Upon review, this Court finds, like the courts in the District of Massachusetts decisions cited above, that at this stage there is uncertainty on whether there is sufficient evidence to establish that Alifax's profits could be a proxy for legal damages. And, like those courts, this Court will defer on the constitutional question of whether there is a right to a jury trial and decide to "hold a jury trial on all remaining claims, … and decide at a later time whether the jury verdict will be advisory." *See, e.g.*, *FabriClear, LLC*, No. No. CV 20-10580-TSH, 2023 WL 11826606, at *2 (D. Mass. Oct. 31, 2023) (citing *Attrezzi, LLC v. Maytag Corp.*, 436 F.3d 32, 36 (1st Cir. 2006) (where district court denied motion to strike jury demand, "reserving the question until 'after the case has been completed,' at which point, '[i]f [the court] determine[s] that plaintiff does not have a right to a jury trial, [it] w[ould] treat the jury's verdict as advisory pursuant to Fed. R. Civ. P. 39(c)'").

3

Accordingly, Alcor's Motion to Strike Plaintiff's Jury Trial Demand (ECF No. 376) is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

_/s/ Mary S. McElroy_
Mary S. McElroy
United States District Judge
January 24, 2025