UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| ALIFAX HOLDING SPA,<br><br>    Plaintiff,<br><br>    v.<br><br>ALCOR SCIENTIFIC INC. and FRANCESCO A. FRAPPA,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  C.A. No. 1:14-CV-00440-MSM-AEM<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

ORDER

Mary S. McElroy, United States District Judge.

Before the Court are the Motions in Limine of the defendant, Alcor Scientific, Inc. ("Alcor") (ECF Nos. 396, 499) and the plaintiff, Alifax Holding S.p.A. ("Alifax") (ECF No. 401). The Court has considered the parties' briefing and issues the following Order. The parties are further directed to submit a renewed joint submission of designations and counter-designations of prior testimony consistent with the rulings in this Order.

### Alcor's Renewed Motion in Limine to Limit Trial Testimony of Bryan Bergeron (ECF No. 396)

Alcor's Renewed Motion in Limine to Limit Trial Testimony of Dr. Bryan Bergeron (ECF No. 396) is GRANTED IN PART. Dr. Bergeron's testimony at trial—whether presented live or through designations—shall be limited to the opinions and subject matter disclosed in his three pretrial expert reports served before the first trial. Any testimony beyond that scope is excluded pursuant to Rule 37(c)(1). To the

1

extent Alifax seeks to introduce prior trial testimony that adheres to these limits, the motion is DENIED.  Objections to specific designations may be renewed if the Court is asked to rule on admissibility line-by-line.

### Alcor's Omnibus Motions in Limine (ECF No. 399)

#### I. New Witness and New Exhibits

Alcor's Motion in Limine No. I to exclude newly identified witnesses and exhibits is GRANTED.  In accordance with the Court's February 4, 2025, Order (ECF No. 392) and the mandate of the Federal Circuit, evidence at the damages retrial shall be limited to previously disclosed witnesses and exhibits.  Alifax has withdrawn proposed witnesses Jim Post and Aaron Erlandson and Exhibits 200, 204, and 205, and those withdrawals are accepted.  The Court further finds that Marsha Abraham was not identified as a trial witness in the 2019 pretrial memoranda and is therefore not a previously disclosed witness within the meaning of the Court's Order.  Accordingly, Ms. Abraham is excluded as a witness.  This ruling is without prejudice to the admissibility of Trial Exhibit 173, which will be evaluated independently based on its foundation, prior use at trial, and the rules of evidence.

#### II. Prior Trial Testimony of Available Witnesses

Alcor's Motion in Limine No. II is GRANTED as to the designations by Alifax of prior testimony from Giovanni Battista Duic, Dr. Bryan Bergeron, and Peter Sacchetti.  The Court's prior order (ECF No. 392) authorized designation of such testimony but reserved all determinations of admissibility to ensure compliance with the Federal Rules of Evidence and Civil Procedure.  Because all three witnesses are available to testify live at trial, and Alifax has not shown that the designated

testimony qualifies for any hearsay exception or other rule permitting its use, the Court finds the designations inadmissible under Fed. R. Evid. 802. The designated testimony is therefore excluded from the retrial.

### III. Evidence and Argument Relating to the FDA and CLIA Designation

Alcor's Motion in Limine No. III to exclude evidence and argument related to its 2014 FDA submission and CLIA designation is GRANTED IN PART and RESERVED IN PART. The Court finds that evidence and testimony related to the FDA submission—including, but not limited to, Trial Exhibits 92, 94, 114, 116, 123, 125, 201, and 202—is not relevant to Alifax's stated damages theory of a one-year head start resulting from misappropriation occurring in 2012. Alifax has confirmed it does not seek damages based on the FDA submission, and the probative value of this evidence is substantially outweighed by the risk of jury confusion and undue prejudice under Fed. R. Evid. 403. However, should Alcor argue at trial that it never used Alifax's conversion algorithm in the development of the iSED analyzer, the Court will consider allowing narrowly tailored FDA-related evidence solely for the purpose of rebutting that assertion.

### IV. Evidence or Argument About Unconsummated or Consummated Business Deals Involving Alcor

Alcor's Motion in Limine No. IV to exclude evidence and argument relating to unconsummated or consummated business deals involving Alcor is GRANTED as follows. Such evidence, including Trial Exhibits 130, 131, 132, and 167, is not independently probative of unjust enrichment without a specific and demonstrated nexus to the alleged use of Alifax's conversion algorithm. Alifax may not refer to

business arrangements, proposals, or negotiations unless it first establishes outside the presence of the jury that the evidence is directly tied to the benefit Alcor obtained from its misappropriation of the trade secret.

V. **Argument That the iSED Prototype at the July 2012 AACC Trade Show Measured and Reported Actual ESR Results**

Alcor's Motion in Limine No. V to preclude argument that the iSED prototype at the July 2012 AACC trade show measured and reported actual ESR results is DENIED WITHOUT PREJUDICE. The Court finds that the extent to which the prototype was functional is a factual issue relevant to the scope and timing of Alcor's alleged head start benefit. Alifax may not misrepresent the capabilities of the prototype or suggest it generated clinically validated ESR values without evidentiary support. Any disputed representations at trial will be evaluated in context and subject to contemporaneous objection.

VI.1. **Evidence About Dr. Frappa's Immigration Status**

Alcor's Motion in Limine VI.1 is GRANTED. Evidence or argument concerning Dr. Francesco Frappa's immigration status is not relevant and presents a risk of undue prejudice under Fed. R. Evid. 403. This includes Trial Exhibits 57 and 59.

VI.2. **Exhibits Previously Excluded from the First Trial**

Alcor's Motion in Limine No. VI.2 is GRANTED as follows. Alifax has withdrawn Trial Exhibit 101. With regard to Trial Exhibit 198, the Court finds that it is derived from an expert report and testimony previously excluded. Unless Alifax identifies a qualified witness capable of independently sponsoring the data contained in Exhibit 198 and demonstrates that the summary reflects admissible evidence

4

relevant to the retrial's narrow damages issue, the exhibit may not be used or referenced at trial.  With regard to Trial Exhibit 11, this exhibit, consisting of 2006 source code previously associated with Alifax's dismissed copyright claim, has limited probative value in the context of a retrial limited to trade secret damages.  As Alifax does not dispute the exhibit's age or prior admission in connection with a different claim, and has not shown how the code is necessary for the jury's understanding of damages, the Court finds its relevance marginal.  Given the risk of juror confusion and improper re-litigation of liability issues, the Court concludes that the probative value of the exhibit is substantially outweighed by the risk of unfair prejudice.  *See* Fed. R. Evid. 403.

### VI.3 – Not Relevant/Unreliable Testimony and Exhibits

Alcor's Motion in Limine VI.3 to exclude Trial Exhibits 156 through 162 is DENIED WITHOUT PREJUDICE.  The Court reserves ruling on the admissibility of these exhibits until trial.  If Alcor introduces argument or evidence suggesting it did not use the conversion algorithm during development of the iSED, the exhibits may be admissible for rebuttal.  Otherwise, Alifax must lay a proper foundation demonstrating that the source code can be reliably tied to the relevant time period.

### VI.4 – Not Relevant Infringement and/or Precluded Willfulness Evidence

Alcor's Motion in Limine No. VI.4 is GRANTED IN PART and RESERVED IN PART as follows.  Trial Exhibits 22, 39, 40, and 101 are deemed withdrawn and are excluded in full.  Exhibit 11 is addressed in VI.2 above.  Exhibits 21, 25, 62, 80, and 92 are conditionally excluded.  These materials may not be referenced or admitted

unless Alcor affirmatively places at issue its alleged non-use of the four-constant algorithm or lack of motive or technical capacity to use it.

### VI.5 – Not Relevant/Patent Damages

Alcor's Motion in Limine VI.5 to exclude Trial Exhibit 130 is GRANTED. Trial Exhibit 130, also addressed in IV, a market size spreadsheet, was not offered at the 2019 trial and was previously identified by Alifax as relevant to its now-dismissed patent claims. Alifax has not demonstrated that this exhibit bears a sufficient connection to the measure of unjust enrichment damages arising from the misappropriation of the four-constant ESR conversion algorithm. Admission of this exhibit would risk confusing the jury by suggesting alternative damages theories not permitted in this phase of the case. Accordingly, the exhibit is excluded under Federal Rules of Evidence 402 and 403.

### VI.6 – Not Relevant/Unfairly Prejudicial

Alcor's Motion in Limine to exclude Trial Exhibits 18, 67, 68, 69, 77, 78, 79, and 82 is GRANTED IN PART and DENIED IN PART. Exhibit 18 is deemed withdrawn and shall not be introduced or referenced at trial. As to Exhibits 67, 68, 69, 77, 78, 79, and 82, the motion is DENIED WITHOUT PREJUDICE. These materials may be admissible to the extent they are offered to show the timing and nature of Alcor's iSED product launch as part of Alifax's head-start theory. But they may not be used to imply liability, willfulness, or product performance absent foundational evidence. The Court will consider appropriate limiting instructions at trial.

### VI.7 – Not Relevant/Unfairly Prejudicial/Exceeds Damages Period

Alcor's Motion in Limine VI.7 to exclude Trial Exhibits 24, 168, and 173 is GRANTED IN PART and DENIED IN PART as follows. Exhibits 24 and 168 are excluded unless Alifax demonstrates that the information within those exhibits is limited to the 2013–2018 timeframe. Exhibit 173, assuming proper foundation, is admissible for the purpose of demonstrating iSED sales from 2013 through 2018. Alifax shall not reference or present post-2018 data from this exhibit.

### VI.8 – Exhibits Not Offered at 2019 Trial

Alcor's Motion in Limine VI.8 to exclude Trial Exhibits 24, 41, 42, 56, 59, 61, 69, 72, 74, 75, 76, 83, 84, 86, 87, 89, 91, 102, 105, 125, 130, 131, 139, 167, 168, 414, 415, and 425 is GRANTED WITHOUT PREJUDICE. The Court finds that these exhibits were not offered into evidence at the 2019 trial and their admission now would risk expanding the scope of the remand proceedings beyond unjust enrichment based on the existing trial record. Alifax may seek leave to admit any such exhibit outside the presence of the jury by demonstrating that: (1) it was timely disclosed prior to the 2019 trial, (2) it bears directly on unjust enrichment damages, and (3) its probative value substantially outweighs the risk of confusion or prejudice under Fed. R. Evid. 403.

### Alifax's Omnibus Motions in Limine (ECF No. 401)

#### 1. Evidence Disputing the Jury Verdict on Misappropriation

Alifax's Motion in Limine #1 is GRANTED IN PART and DENIED IN PART. Consistent with the Court's February 4, 2025, Order (ECF No. 392), the jury's liability

finding will not be revisited during the damages retrial. Accordingly, Alcor is precluded from introducing testimony or exhibits that challenge or undermine the prior jury's determination that it misappropriated Alifax's conversion algorithm. However, Alcor may introduce evidence regarding its subsequent development of an independent conversion algorithm solely to support its damages theory, including the duration of any alleged head start or avoided development costs. Such evidence must be narrowly tailored to avoid confusion or undue emphasis on liability-related issues. The Court will consider specific objections at trial if necessary to enforce this limitation.

### 2. Evidence Disputing the Conversion Algorithm's Independent Economic Value or Secrecy

Alifax's Motion in Limine #2 is GRANTED. Alcor shall not introduce any evidence or argument suggesting that the conversion algorithm lacked independent economic value or that Alifax failed to take reasonable steps to maintain its secrecy. These issues were resolved by the jury's liability verdict and reaffirmed by this Court's prior rulings and are not open for relitigation in this damages retrial. The Court notes that Alcor has not argued to the contrary. Nothing in this Order precludes Alcor from introducing evidence regarding the development and functionality of its iSED device for the limited purpose of rebutting Alifax's damages theory — provided that such evidence is not used to cast doubt on the established trade secret status of the conversion algorithm.

### 3. Evidence Relating to Non-Use or Limited Use of the Conversion Algorithm in Alcor's Devices Sold to Customers

Alifax's Motion in Limine #3 is GRANTED IN PART. Alcor shall not present evidence, testimony, or argument that it did not "use" the conversion algorithm in iSED devices sold to customers as a basis for reducing damages. The relevant inquiry in this retrial is the benefit Alcor obtained from its developmental use of the conversion algorithm during the head start period, not the presence or absence of the algorithm in post-launch products. Evidence that Alcor ceased using the algorithm later is of limited probative value and carries a risk of confusing the jury or inviting it to re-evaluate settled liability issues. But if Alifax introduces evidence or testimony implying that customer-facing iSED devices did contain the algorithm as part of its damages theory, Alcor may rebut such evidence narrowly and directly. The Court will consider limiting instructions as necessary to keep the jury focused on the proper scope of the damages retrial.

### 4. Exclusion of Testimony from Alcor's Rebuttal Experts

Alifax's Motion in Limine #4 is GRANTED IN PART and DENIED IN PART. Daniel Smith shall not be permitted to testify, as his previously disclosed opinions relate to technical source code content and copyright issues that are not relevant to the damages theories at issue in this retrial. As to Ronen Arad, the motion is DENIED. Although Arad was initially disclosed as a rebuttal expert, his avoided-cost theory of damages remains directly relevant to Alcor's defense. Alifax had a prior opportunity to depose Arad and is not unfairly prejudiced by his appearance. But Alcor may not elicit new or undisclosed opinions through Arad's testimony at trial.

Any testimony must remain within the scope of his prior report and deposition.


IT IS SO ORDERED.

*[signature: Mary S. McElroy]*

Mary S. McElroy
United States District Judge
August 1, 2025