UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ALIFAX HOLDING SPA,

        Plaintiff,

v.                                            C.A. No. 14-440-MSM

ALCOR SCIENTIFIC INC.,

        Defendant.

## DEFENDANT'S MOTION TO RECONSIDER
## THE ORDER EXCLUDING ITS TECHNICAL EXPERT WITNESS

At the 2019 trial, Dan Smith refuted the technical expert testimony of Bryan Bergeron, who opined that up to four iSED devices sold to customers contained the alleged conversion algorithm trade secret.  Mr. Smith testified in rebuttal **after** the Court entered judgment for Alcor on the patent and copyright counts.  Mr. Smith's opinion supported Alcor's position that it received no benefit from the claimed misappropriation of the trade secret.  *See* Opinion and Order, Dkt. No. 348 at 52, 54.  Alifax never challenged on appeal the district court's decision to permit, over Alifax's objection, Mr. Smith to testify after Alifax lost the patent and copyright causes of action.

The recent Order on the parties' motions *in limine* (Dkt. No. 414; the "Order") allows Dr. Bergeron to testify as to opinions contained in "his three pretrial expert reports served before the first trial."  *Id.* at 1.  Those three reports encompassed patent, copyright and trade secret opinions.  At the same time, the Order appears to have precluded Mr. Smith from again testifying in rebuttal within the scope of his "previously disclosed opinions…" based upon the incorrect premise that Mr. Smith's opinions "are not relevant to the damages theories at issue in this retrial."  *Id.* at 9.  But Mr. Smith's rebuttal disclosures encompass trade secret opinions that go to

the heart of Alcor's damages defense that it received no benefit from, and therefore was not unjustly enriched by, the Alifax conversion algorithm trade secret with four specific constants. By permitting Dr. Bergeron (Plaintiff's technical expert) to offer opinions relevant to the alleged benefit to Alcor, yet at the same time precluding Mr. Smith (Defendant's technical expert) from offering rebuttal testimony relevant to the lack of benefit to Alcor, the Order is unfairly prejudicial to Alcor.

### Pertinent Facts

On March 8, 2019, one month before trial, Alifax served the Supplemental Expert Report of Dr. Bergeron (the "Supplemental Report").  Dkt. No. 396-4.  In the Supplemental Report, Dr. Bergeron opined that four iSED devices sold by Alcor contained the Alifax conversion algorithm with four specific constants.  Dkt. No. 396-4 at ¶ 9.

One week later, on March 14, 2019, Alcor served the Supplemental Expert Report of Dan Smith, in which he opined that the Alifax conversion algorithm cannot "produce accurate, meaningful ESR values in an iSED."  Trial Tr. vol. 8 at 66:20-25; excerpts of Mr. Smith's March 14, 2019 Supplemental Expert Report are attached as Exhibit 1 ("Smith Suppl."); *see also* Trial Exhibit 505.  Mr. Smith opined that "since the Alcor instruments are comprised of electronics, mechanical engineering and software that differ from the Alifax instruments, the specific constants cited by Dr. Bergeron are, and never were, of any value to Alcor."  Smith Suppl. at ¶ 69.

### Argument

A court may grant a motion for reconsideration "where the movant shows a manifest error of law or newly discovered evidence."  *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 81-82 (1st Cir. 2008) (quoting *Kansky v. Coca-Cola Bottling Co. of New England*, 492 F.3d 54,

60 (1st Cir. 2007)).  "Likewise, a motion for reconsideration should be granted if the court 'has patently misunderstood a party ... or has made an error not of reasoning but apprehension.'" *Id.* at 82 (quoting *Sandoval Diaz v. Sandoval Orozco*, No. 01–1022, 2005 WL 1501672, at \*2 (D.P.R. June 24, 2005)).  Reconsideration is appropriate here because the Court appears to have credited Alifax's unsupported characterization of Mr. Smith's pre-trial disclosures and made a manifest error of law (precluding an expert's previously disclosed opinions) by misapprehending the relevance of Smith's testimony to the damages retrial.

As set forth in the Order, the "relevant inquiry in this retrial is the benefit Alcor obtained" from the conversion algorithm trade secret.  Order at 9.  The Order holds that Alcor is not "preclude[d] . . . from introducing evidence regarding the development and functionality of its iSED device for the limited purpose of rebutting Alifax's damages theory—provided that such evidence is not used to cast doubt on the established trade secret status of the conversion algorithm."  *Id.* at 8.

Mr. Smith's opinion that the conversion algorithm provided no benefit to Alcor—i.e., meaningful ESR results—fits squarely within Alcor's defense to Alifax's claim for unjust enrichment damages.  *See* Trial Tr. vol. 8 at 66:19-25, 21:12-17.  In particular, Alifax's latest theory that Alcor made developmental use of the conversion algorithm during the iSED pre-launch period is based on an argument that the conversion algorithm gave Alcor "the confidence," leading up to the 2012 AACC show, that it would "be able to have a product that will produce ESR results in 20 seconds."  Dkt. No. 410-1 at 8-9 (Alifax's damages closing argument in the 2019 trial explaining its head start damages theory).  Mr. Smith's expert opinion that the conversion algorithm is device-specific and cannot produce meaningful ESR results in iSED devices directly rebuts this argument.  Mr. Smith's opinion that Alcor received no benefit

because the conversion algorithm cannot work in an iSED device does not "call into question the verdict of misappropriation," as Alifax wrongly contends.[1]  Dkt. No. 410 at 15.  Rather, it is a key defense to Alifax's damages theory.

Without appending Mr. Smith's Supplemental Rebuttal Report, Alifax's narrative that Mr. Smith "never offered any opinions on trade secrets or damages in his rebuttal expert disclosure" is unsupported by those disclosures.  Dkt. No. 410 at 15; *see also* Dkt. No. 401 at 9 (Alifax arguing that Mr. Smith's expert disclosures were "solely directed to rebutting copyright infringement").  Similarly, Alifax's argument that it "has no notice" of Mr. Smith's anticipated trial testimony is nonsense—Mr. Smith will testify here just as he did in 2019 in support of Alcor's defense that it received no benefit from the conversion algorithm because it cannot work in iSED devices to produce meaningful ESR results.  *Id.* at 16.

The Order erred in crediting Alifax's incorrect argument that Mr. Smith's opinions are limited to "technical source code content and copyright issues…."  Order at 9.  That is no more true of Mr. Smith than it is of Dr. Bergeron.  Each has disclosed opinions which, although based on a technological assessment of the conversion algorithm, is relevant to a fact finder's assessment of whether Alcor received any benefit from it.  That is central to Alcor's defense that it received no gain from the conversion algorithm.

---

[1] The meaning of "value" in this case depends on context.  The phrase "independent economic value" relates to the definition of a trade secret under the Rhode Island Uniform Trade Secrets Act.  *See* R.I. Gen. Laws § 6-41-1(4)(i).  The word "value," in the context of whether the conversion algorithm trade secret would work or not in an iSED device—and therefore whether it had any "value" to Alcor—goes to the benefit, if any, to Alcor from the acquisition or use of the conversion algorithm trade secret.  Thus, the determination that the conversion algorithm has *economic* value to Alifax as a matter of trade secret law does not equate to conferring a benefit to Alcor.

Additionally, Mr. Smith's disclosed opinions are based on underlying data and testing. Mr. Smith ran through Excel the iSED's aggregation data calculated using Alcor's ESR correlation algorithm and, separately, using Alifax's ESR conversion algorithm, and compared those two ESR results to the traditional Westergren method for determining ESR. That work directly demonstrates that Alcor received no benefit from the Alifax conversion algorithm trade secret. These calculations do not underpin the "copyright" or "technical source code content" opinions found elsewhere in Mr. Smith's reports. *See, generally*, Opinion and Order, Dkt. No. 348 at 52-55; *see also* Smith Suppl. at ¶ 52 (the Excel spreadsheet "demonstrates, both quantitatively and qualitatively, how the Alifax conversion algorithm yields diagnostically meaningless ESR values when applied to sensor measurements from the Alcor system"), ¶ 60 ("These results demonstrate that the indices used by Alifax in 2011 would not produce accurate, meaningful readings in Alcor's iSED instruments, and contradict Dr. Bergeron's opinion that Alifax indices were used in a saleable iSED device.")

Compounding the unfair prejudice to Alcor of precluding its *rebuttal* expert to testify as to his disclosed opinions, is the Order permitting Alifax's technical expert to testify as to the "opinions and subject matter disclosed in his three pretrial expert reports served before the first trial." Order at 1. Allowing Alifax's expert to testify but not allowing Alcor's expert to rebut Alifax's expert's opinions exacerbates the error in excluding Mr. Smith and warrants reconsideration.

### Conclusion

Because the Order's rationale for excluding Mr. Smith misunderstands his disclosed opinions and prior trial testimony, and his exclusion would unfairly prejudice Alcor, the motion

for reconsideration should be granted and Mr. Smith should be permitted to testify as to his

"device-specific" opinions.

Respectfully submitted,

ALCOR SCIENTIFIC INC.

By its Attorneys,

*/s/ Craig M. Scott*
Craig M. Scott, Esq. (#4237)
*cscott@hinckleyallen.com*
Christine K. Bush, Esq. (#5587)
*cbush@hinckleyallen.com*
Laurel M. Rogowski, Esq. *(Pro Hac Vice)*
*lrogowski@hinckleyallen.com*
Mackenzie C. McBurney, Esq. (#10098)
*mmcburney@hinckleyallen.com*
**HINCKLEY, ALLEN & SNYDER LLP**
100 Westminster Street, Suite 1500
Providence, RI 02903
Tel: (401) 274-2000
Fax: (401) 277-9600

DATED:  Augst 15, 2025

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed through the ECF system on the 15th day of August, 2025 and will be sent electronically to the registered participants identified on the Notice of Electronic Filing.

*/s/ Craig M. Scott*