UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ALIFAX HOLDING SPA,

Plaintiff,

v.

ALCOR SCIENTIFIC INC. and
FRANCESCO A. FRAPPA,

Defendants.

C.A. No. 14-440-MSM

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO RECONSIDER THE
ORDER EXLUDING ITS REBUTTAL EXPERT WITNESS

I.     Introduction

In the liability phase of the 2019 trial, Alcor argued that the misappropriated conversion

algorithm trade secret has no independent economic value because it is "device specific," and it

relied on opinion testimony from its technical expert, Daniel Smith. The jury rejected that

argument, and its liability verdict was upheld on appeal.  The Court already excluded Mr. Smith

because Mr. Smith's "previously disclosed opinions relate to technical source code content and

copyright issues that are not relevant to the damages theories at issue in this retrial." Dkt. No. 414

("Order"), at 9. Nevertheless, Alcor persists in making the same argument, this time in the guise

of a motion for reconsideration.  The motion is both unwarranted and improper and the

extraordinary remedy that it seeks should be denied.

First, the motion is unwarranted because it falls outside the limited circumstances in

which reconsideration is appropriate.  It is improper because Alcor uses the motion as a vehicle

to introduce new evidence that it neglected to cite during its opposition to plaintiff's motion *in

limine*.  Second, the jury already found that the conversion algorithm has value as a trade secret

and this Court has ruled the Alcor cannot challenge that on appeal. Order at 8. Moreover, Smith's expert report (that Alcor now provides for the first time in edited form) related only to copyright and not trade secret. Third, and most fundamentally, Alcor's motion to reconsider the exclusion of its rebuttal witness should be denied because it incorrectly assumes that Alifax will present testimony by its technical witness, Dr. Bergeron, that would require rebuttal. In fact, in view of the Court's other rulings *in limine*, Alifax will not call Dr. Bergeron as a witness. In short, there is nothing for Alcor's rebuttal witness to rebut.

At bottom, there is no real justification for Mr. Smith testifying at trial and certainly nothing new in this motion for reconsideration. Alcor cannot argue that the conversion algorithm has no value and should not be permitted to proffer Dr. Smith for supporting testimony.

## II.    Argument

### a.  Alcor's does not present a valid basis for reconsideration

Alcor's motion is nothing more than a rehash of its original opposition, only this time with an attached limited excerpt from a six-year old supplemental rebuttal report that Alcor declined to include with its opposition.

In this Circuit and District, motions for reconsideration are appropriate only "in a limited number of circumstances: if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust." *Allstate Ins. Co. v. Fougere*, 79 F.4th 172, 197 (1st Cir. 2023). It is "an extraordinary remedy which should be used sparingly." *Bowling v. Hasbro, Inc.*, C.A. No. 05-229S, 2008 WL 169693, at *1 (D.R.I. Jan. 16, 2008) (internal quotation marks omitted). "Unless the court has misapprehended some material fact or point of law, such a motion is normally not a promising vehicle for revisiting a party's case." *Silva v. Farrell*, C.A. No. 18-650JJM, 2019 WL 2501887, at *1 (D.R.I. Jan. 15, 2019)

(internal quotation marks omitted), *adopted*, 2019 WL 2500668 (D.R.I. Jan. 30, 2019). Nor does

a motion for reconsideration "provide a vehicle for a party to undo its own procedural failures,

and it certainly does not allow a party to introduce new evidence or advance arguments that

could and should have been presented to the district court prior to the judgment." *Fábrica de

Muebles J.J. Álvarez, Inc. v. Inversiones Mendoza, Inc.*, 682 F.3d 26, 31 (1st Cir. 2012) (internal

quotation marks omitted); see also *McKnight v. Honeywell Safety Prods. USA, Inc.*, No. CV 16-

132MSM, 2024 WL 4569927, at *4 (D.R.I. Oct. 24, 2024).

Alcor does not contend that its motion rests on an intervening change in law, newly

discovered evidence or a manifest error of law. Instead, Alcor simply argues that the Court

"misapprehend[ed] the relevance of Smith's testimony to the damages retrial," that "the

conversion algorithm provided no benefit to Alcor." Mot. at 3. It is the exact same argument

Alcor made in opposition to the original motion: "Mr. Smith's testimony addressed trade secret

issues and 'the question of whether the algorithm would be usable in the Alcor machine, whether

it had any value to Alcor.'" Dkt. No. 403, at 14 (quoting Trial Tr., Vol. 6, at 130:13-24).  This

continued practice of motions for reconsideration for the sake of rearguing is improper.

In support of its motion for reconsideration, Alcor appends additional "evidence"—part

of Mr. Smith's supplemental rebuttal report on copyright infringement, and faults *Alifax* for not

appending the report to Alifax's original motion—as if Alcor had no opportunity to do so in its

prior response. A motion for reconsideration is not a "vehicle" for Alcor "introduce new

evidence or advance arguments that could and should have been presented to the district court

prior to the judgment." *Fábrica*, 682 F.3d at 31. Worse, Alcor omitted the front half of Mr.

Smith's declaration where he declares that his opinions only relate to *copyright* and not trade

secret. The omitted portion (the *full* report is attached as Exhibit 1) begins:

**INTRODUCTION**

1.    I, Daniel Smith, have been retained in this matter by counsel for Alcor Scientific, Inc. ("Alcor") and Francesco A. Frappa ("Frappa") to rebut the expert report of Dr. Bryan Bergeron (the "Bergeron Report") concerning Alifax Holding SpA's ("Alifax") allegations of copyright infringement.

The term "trade secret" appears not a single time in the report. The report plainly does not address the value of the source code *as a trade secret* to Alcor or anyone. The Court was entirely correct that Mr. Smith's "previously disclosed opinions relate to technical source code content and copyright issues that are not relevant to the damages theories at issue in this retrial." Order at 9.

The Court thus already found that any opinion Mr. Smith might give on *trade secrets* is outside the scope of his rebuttal report. Mr. Smith is therefore properly excluded under Rule 37(c)(1) for the same reason the Court excluded similar testimony from Alifax's expert. Order, at 1.

### b. The independent economic value of the trade secret has been conclusively adjudicated

The Court held that "Alcor shall not introduce any evidence or argument suggesting that the conversion algorithm lacked independent economic value." Order at 8.  Alcor claims that it is not asking for reconsideration of that ruling, yet its motion asks the Court to permit Mr. Smith to testify specifically that (components of) the conversion algorithm "are, and never were, of any value to Alcor." Mot. at 2 (quoting Dkt. No. 415-1 ¶ 69). Alcor cannot accept the fact that it lost that issue.

At the first trial, *in the liability phase*, Mr. Smith contended that Alifax's conversion algorithm was device specific and would not work on *any* other device because of differences in hardware. Trial Tr., vol. 8 (Apr. 26, 2019), at 53:9–66:25. Alcor then used this testimony in close, *again of the liability phase*, to argue to the jury that the conversion algorithm "wouldn't

4

even work" and thus "provided no economic value to Alcor." Trial Tr., vol. 9 (Apr. 29, 2019), at 85:10–19; *see also id.* at 95:1–9.

Alifax showed at trial that Alcor's source code contained the Alifax conversion algorithm.  To account for differences in hardware, Defendant Frappa simply divided the signal obtained from the photometric reading cell by 6 before applying Alifax's conversion algorithm to convert the signal into an ESR value.  *Id.* at 100:18–102:4. Since "independent economic value" is a requirement for finding trade secret misappropriation, R.I. Gen. Laws. § 6-41-1(4)(i), the jury finding of misappropriation (reinstated by the Federal Circuit) is *necessarily* a finding that the conversion algorithm has value. This was a judgment on the issue in favor of Alifax.

In a footnote, Alcor now plays semantics, arguing that the "independent economic value" at issue in the liability phase is not the same as the "value to Alcor." Mot. at 4, n.1. This is a distinction without a difference. A review of the transcript reveals that Alcor made no distinction between the two at the first trial and, in fact, always used the phrase "value to Alcor" during the *liability* phase. *E.g.*, Trial Tr., vol. 9 (Apr. 29, 2019), at 70:2–8, 77:16–19, 85:10–19, 88:13–17.

The jury's finding of misappropriation means that the conversion algorithm *has* value, which means Alcor's taking it provided a benefit to Alcor. There is no argument or evidence on the record that the conversion algorithm has value to the industry generally, but for some reason no value for Alcor. Again, this is semantics. The only issue for trial is the magnitude of that benefit, not whether there was any benefit at all. As the Court recognized, Alcor has other defenses in the case "including the duration of any alleged head start or avoided development costs." Order at 8.

Alcor's argument now is not new or different—it is simply an attempt to reargue that Alifax's algorithm would not work on *any* device (including Alcor's) in a misguided attempt to

undo the jury's misappropriation finding and achieve a result with no damages. This is a direct violation of the Court's Order and the motion should be dismissed.

### c. Because Alifax will not call Dr. Bergeron nor proffer argument or evidence regarding sold iSED devices, there is nothing for Mr. Smith to rebut

Alcor's argument that it will be unfairly prejudiced by having its "*rebuttal*" expert excluded is moot because Alifax will not be offering any expert testimony, live or designated. In light of the Court's order excluding prior testimony from Dr. Bergeron, Order at 2, Alifax is withdrawing him as a witness.

Alcor also argues that Mr. Smith's testimony is needed to "contradict Dr. Bergeron's opinion that Alifax indices were used in a saleable iSED device." Dkt. 415-1 ("Smith Rept.") ¶ 69; *see also* Dkt. 415, at 2 (citing Smith Rept.). The Court left the door open to Alcor making such an argument "if Alifax introduces evidence or testimony implying that customer-facing iSED devices did contain the algorithm as part of its damages theory." Order at 9. *Alifax will **not** be introducing evidence or making any argument implying that customer-facing iSED devices did contain the algorithm.* That door is shut. As the Court held: "Evidence that Alcor ceased using the algorithm later is of limited probative value and carries a risk of confusing the jury or inviting it to re-evaluate settled liability issues." Order at 9. In sum, Alcor has no need to call Mr. Smith because there will be nothing for him to rebut.

## III.    Conclusion

For the foregoing reasons, this Court should deny Alcor's motion to reargue the same issue in a further attempt put liability back in front of the jury.

Date: August 29, 2025                      Respectfully submitted,

                                           /s/ Joshua A. Friedman
                                           Michael J. Daly (#6729)

6

Pierce Atwood LLP
One Financial Plaza, 26th Floor
Providence, RI 02903
Tel: (401) 588-5113
Fax: (401) 588-5166

Todd R. Tucker (*Admitted Pro Hac Vice*)
ttucker@calfee.com
Joshua A. Friedman (*Admitted Pro Hac Vice*)
jfriedman@calfee.com
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, OH 44114-1607
Tel: (216) 622-8200
Fax: (216) 241-0816

*Attorneys for Plaintiff Alifax Holding S.p.A.*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed through the ECF system on the 29th day of August 2025 and will be sent electronically to the registered participants identified on the Notice of Electronic Filing.

*/s/Joshua A. Friedman*
One of the Attorneys for Plaintiff
